UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Civil Action No. 2:19-cv-04237-SVW-PJW**

NANO FOUNDATION, LTD., a New York non-profit corporation; and
COLIN LEMAHIEU, an individual
    Plaintiffs,

v.

DAVID C. SILVER, an individual;
    Defendant.
_____/

## DECLARATION OF F. JASON SEIBERT

Pursuant to 28 U.S.C. § 1746, I, F. JASON SEIBERT, declare and affirm the following:

1. My name is F. Jason Seibert. I am more than 21-years-old and make this Declaration based upon my personal knowledge and review of the relevant documents.

2. I am an attorney with Seibert Law, which -- along with co-counsel Reif Law Group -- is currently representing Defendant David C. Silver ("Mr. Silver") in the above-captioned lawsuit.

3. Mr. Silver is an attorney whose law firm (Silver Miller), along with The Braunstein Law Firm PLLC, represented the plaintiff and putative plaintiff class in the class action lawsuit styled *Brola v. Nano, et al.*, U.S. District Court - E.D.N.Y. - Case No: 1:18-cv-02049-NG-RML (the "First NANO Lawsuit").

4. On June 3, 2019, I engaged in a good faith "meet and confer" telephone conference with Plaintiffs' counsel Ryan M. Lapine, Esq. to discuss, among other things, the apparent lack of legal and factual support for the Complaint filed by Plaintiffs in the instant matter. During that telephone conference, Plaintiffs' counsel conceded to me that he was unaware that when the parties to the First NANO Lawsuit -- including Colin LeMahieu and his Nano corporate alter ego -- resolved that putative class action, they entered into a Settlement Agreement that included a "Mutual General Release." Shortly following that telephone call, I provided Plaintiffs' counsel a copy of the Settlement Agreement.

5. On June 10, 2019, pursuant to Fed.R.Civ.P. 11(c)(2), my co-counsel notified Plaintiffs and Plaintiffs' counsel by service of a cover letter that enclosed a draft copy of Defendant David C. Silver's Motion for Attorneys' Fees and Sanctions pursuant to Federal Rule of Civil Procedure 11 against: (1) Plaintiffs Nano Foundation, Ltd. and Colin LeMahieu, and (2) Ryan M. Lapine, Esq., Joshua H. Herr, Esq., and Pierce, Rosenfeld, Meyer & Sussman, LLP (the "Motion for Sanctions"), which demonstrated that Plaintiffs' maintenance of their Complaint was improper, legally insufficient, without basis in law or fact, and frivolous. At that time, my co-counsel and I demanded that the Complaint be withdrawn and voluntarily dismissed with prejudice. Attached hereto as **Exhibit "A"** is a true and correct copy of my co-counsel's June 10, 2019 demand letter.

6. Plaintiffs and Plaintiffs' counsel failed to respond, correct, or dismiss the Complaint within twenty-one (21) days after service of the demand letter and service of a copy of the draft of the Motion for Sanctions upon them.

## VERIFICATION

I, F. JASON SEIBERT, hereby verify and declare under penalty of perjury that I am counsel for the defendant in the above-captioned matter, that I have read the foregoing Declaration and know the contents thereof, and that the matters contained in the Declaration are true to my own knowledge.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

_____
F. JASON SEIBERT

DATED this __3rd__ day of July 2019.



June 10, 2019

**V**IA **E**LECTRONIC **M**AIL
Ryan M. Lapine, Esq.
Joshua H. Herr, Esq.
PIERCE ROSENFELD, MEYER & SUSSMAN, LLP
232 North Canon Drive
Beverly Hills, CA 90210-5302
E-mail: RLapine@rmslaw.com; JHerr@rmslaw.com

   Re: Nano Foundation, Ltd. and Colin LeMahieu v. David C. Silver
      U.S. District Court - C.D. Cal. - Case No. 2:19-cv-04237 DDP (PJWx)

Dear Counsel:

  As I believe you were advised during your May 3, 2019 telephone conference with my co-counsel F. Jason Seibert, Esq., my law firm -- along with Seibert Law -- has been retained to represent Defendant David C. Silver ("Mr. Silver") in connection with the above-referenced matter. Please accept this letter, pursuant to the provisions of Federal Rule of Civil Procedure 11, as a demand that you voluntarily withdraw the Complaint you filed on behalf of Nano Foundation, Ltd. and Colin LeMahieu (the "Complaint") in the above-referenced matter. The arguments in the Complaint are patently frivolous, are presented in bad faith, and lack both factual and legal support.

  As you know, pursuant to Rule 11, by presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims . . . and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishment of new law;

  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and




**EXHIBIT "A"**

Ryan M. Lapine; Joshua H. Herr
June 10, 2019
Page 2 of 3

> (4) the denials of factual contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).  As demonstrated in great detail in the enclosed draft Memorandum of Law in support of Mr. Silver's Motion for Sanctions under Rule 11, the Complaint you have filed and are advocating on behalf of your clients appears to violate several, if not all, of those four prohibitions.

First, the Complaint is clearly a SLAPP suit presented in bad faith for an improper purpose and to harass Mr. Silver.  Your and your clients' effort to deter Mr. Silver and his law firm from pursuing meritorious claims against your clients in the pending class action lawsuit styled *Fabian v. Nano, et al.*, U.S. District Court - N.D. Cal. - Case No.: 4-19-cv-00054-YRG ("*Fabian*") is not well-taken, and the impetus of your specious effort will be readily apparent and sanctioned when we address the Court about it.

Second, all of the comments made by Mr. Silver at the May 2018 Blockchain Law Summit about the then-pending class action lawsuit styled *Brola v. Nano, et al.*, U.S. District Court - E.D.N.Y. - Case No: 1:18-cv-02049-NG-RML ("*Brola*") are absolutely immune from tort liability by Cal. Civil Code § 47(b)'s litigation privilege.  The claims and other legal contentions set forth in the Complaint are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishment of new law.  Case precedent on this is patently clear, and your Complaint will be stricken in short order.

Third, the SLAPP suit you have brought is clearly barred by the Settlement Agreement (which included a Mutual General Release) entered into by your clients in the resolved *Brola* lawsuit -- a copy of which Mr. Seibert provided you last week because you represented to Mr. Seibert during your telephone call that you were unaware of the Settlement Agreement when you filed the Complaint.  Again, the law on the subject of bringing a lawsuit on claims previously released by the party filing the lawsuit is unquestionably clear; and you and your clients will be sanctioned by the Court for ignoring that basic and unavoidable concept.  Separately, you and your law firm will be sanctioned for violating Rule 11 by failing to conduct an adequate investigation before filing the Complaint -- an investigation that would have almost immediately revealed the existence of the Settlement Agreement and its complete bar to the claims asserted in the Complaint.

Lastly, the factual contentions asserted in the SLAPP suit relating to Nano Foundation, Ltd. are particularly meritless and lack evidentiary support; as Mr. Silver never even once mentioned Nano Foundation, Ltd. during his presentation at the May 2018 Blockchain Law Summit.  To the extent you argue that Nano Foundation, Ltd. is a successor or related entity to Mr. LeMahieu's Hieusys LLC d/b/a Nano f/k/a RaiBlocks, the Settlement Agreement and Release would categorically bar the claims proffered in the Complaint.  To the extent you argue that Nano Foundation, Ltd. has no connection whatsoever to Mr. LeMahieu's corporate entities (whether Hieusys or Nano or some other related entity), then the privileged comments made at the Blockchain Law Summit likewise have no connection to Nano Foundation, Ltd. and cannot serve as a foundation for any of the claims asserted in the Complaint.  Either way, the evidence does not, and will not, support any of the claims asserted in the Complaint -- which is the very reason why sanctions are available and enforced under Rule 11.

Ryan M. Lapine; Joshua H. Herr
June 10, 2019
Page 3 of 3

      For the forgoing reasons, and pursuant Federal Rule of Civil Procedure 11, we demand that you promptly withdraw your Complaint. If you do not voluntarily withdraw with prejudice the Complaint within twenty-one (21) days of the date of service of this letter, we will ask the court to award attorney's fees against both you and your clients, jointly and severally.

      I trust you and your clients will govern yourselves accordingly.

                                              Sincerely,

                                              Brandon S. Reif,
                                        for Reif Law Group, P.C.

Enclosures
cc:    F. Jason Seibert, Esq.
       David C. Silver