RYAN M. LAPINE, ESQ. (Cal. Bar No. 239316)
rlapine@rmslaw.com
JOSHUA H. HERR, ESQ. (Cal. Bar No. 301775)
jherr@rmslaw.com
ROSENFELD, MEYER & SUSMAN LLP
232 North Canon Drive
Beverly Hills, California 90210-5302
Telephone: (310) 858-7700
Facsimile: (310) 860-2430

Attorneys for Plaintiffs
NANO FOUNDATION, LTD. and
COLIN LeMAHIEU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LeMAHIEU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID C. SILVER, an individual,<br><br>Defendant. | Case No. 2:19-cv-04237 DDP (PJWx)<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that in accordance with Local Rule 79-5 of the Central District of California, Plaintiffs Colin LeMahieu and Nano Foundation, Ltd. ("Nano Foundation") (collectively, "Plaintiffs") hereby apply for an order permitting them to file under seal the unredacted copies of (1) Plaintiffs' Opposition to Defendant David C. Silver's Motion to Dismiss Complaint (the "12(b)(6) Opposition"), along with the Declaration of Peter Scoolidge in support of the Opposition (the "Scoolidge 12(b)(6) Declaration"); and the unredacted copy of the Confidential Settlement Agreement (the "Settlement Agreement") attached as "Exhibit A" thereto; (2) Plaintiffs' Opposition to Silver's Motion to Strike and Exhibit B to the Declaration of Peter Scoolidge in support thereof (the "Scoolidge Anti-SLAP Opposition"); and (3) Plaintiffs' Opposition to Silver's Motion for Attorneys' Fees and Sanctions Pursuant to Federal Rule of Civil Procedure 11.

This application is made pursuant to Local Rule 79-5.

Specifically, Plaintiffs seek leave to follow the entire, unredacted copies of said exhibits under seal. The redacted copies publicly filed concurrently with redact the following portions:

| TITLE OF DOCUMENT | PORTIONS FOR REDACTION |
|---|---|
| 1. PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT | 2:18-3:4<br>3:17-25<br>4:3-16<br>4:18-5:6<br>5:14(beginning after "(*Id*. at ¶ 3.)" – 5:19<br>5:28 (beginning after "Motion." -6:12<br>6:15 (beginning after "redacting") -6:16<br>7:22-23<br>8:24-9:16<br>9:19 (beginning after "disclose that" – 9:20 (ending before "suggests")<br>9:25-10:3 (ending before "*Quadrant*")<br>10:12-13 (ending before "[A] written") |

| | | |
|---|---|---|
| 1 | | 10:16 (beginning after "(2014)"-17 |
| 2 | **2. DECLARATION OF RYAN M. LAPINE IN SUPPORT OF PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT** | 2:17 (beginning after "acceptable") – 2:26 (ending before "He responded") |
| 3 | **3. DECLARATION OF PETER SCOOLIDGE IN SUPPORT OF PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT** | 2:13-19 |
| 4 | **4. EXHIBIT A TO DECLARATION OF PETER SCOOLIDGE IN SUPPORT OF PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT** | (Entire exhibit) |
| 5 | **5. PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16** | 7:27-8:12 (ending before "The release") |
| 6 | **6. EXHIBIT B TO DECLARATION OF PETER SCOOLIDGE IN SUPPORT OF PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO** | (Entire exhibit) |

| | |
|---|---|
| DEFENDANT DAVID C. SILVER'S MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. §425.16. | |
| 8. PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., AND PIERCE, ROSENFELD, MEYER & SUSMAN, LLP | 1:6 (beginning after "him." – 1:8 (ending before "That release")<br>2:12-23<br>2:25-3:1 (ending before "*Sage v Hale*")<br>3:7 (beginning after "meritless") -3:10<br>3:27-28 |

### I. THE COURT MAY SEAL DOCUMENTS OR ISSUE A PROTECTIVE ORDER UPON A SHOWING OF COMPELLING REASONS

Local Rule 79-5 permits litigants to file an application for leave to file documents under seal upon a showing of "good cause" in an accompanying non-public declaration:

The Application will be open to public inspection. It must, however, describe the nature of the information that the Filing Party asserts should be closed to public inspection, and must be accompanied by:

(i) A declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, […]

The declaration and the unredacted version of any document proposed

for sealing will be closed to public inspection, but the redacted versions of those documents, the proposed order, and the docket entry text will be publicly viewable.

L.R. 79-5(a).

District Courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). Courts may grant protective orders for a variety of reasons, including to protect confidential settlement agreements. *Phillips ex rel. Estates of Byrd,* 307 F.3d 1206, 1212 (9th Cir.2002) (citing *Hasbrouck v. Bank America Housing Serv.,* 187 F.R.D. 453, 455 (N.D.N.Y.1999) and *Kalinauskas v. Wong,* 151 F.R.D. 363, 365–67 (D.Nev.1993) as examples of district courts granting protective orders to protect confidential settlement agreements).

On non-dispositive motions, courts may grant leave to file under seal or enter other protective orders upon a showing of good cause. *Kamakana* , *supra* 151 F.R.D. at 1180. On dispositive motions, courts may do so upon a showing of "compelling reasons." *Id.*

The "compelling reasons" standard is satisfied when the court weighs "relevant factors," bases its decision "on a compelling reason," and "articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). "Relevant factors" include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (citation omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

520590.01

4
APPLICATION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT
DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT UNDER SEAL

*Kamakana*, *supra*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Protecting the confidentiality of confidential settlement agreements, when public exposure thereof may lead to a claim that the filing party reached the confidentiality terms of the agreement and/or cause damage to the party's business, is a "compelling reason" to seal the agreements and references to the terms thereof. *See Delfino Green & Green v. Workers Compansation Solutions, LLC*, 2015 WL 4235356, at *2 (N.D. Cal., July 13, 2015, No. 15-CV-02302-HSG) (ordering references to a confidential settlement agreement sealed when the requesting party argued that disclosure of this information could "subject [the party] to a claim that the confidentiality terms in its agreements with third parties have been breached" and "might harm [the party's] ability to conduct its business," and recognizing that the request to file under seal was "'narrowly tailored' to seal only sealable material") *see also Thomas v. Magnachip Semiconductor Corp.* (N.D. Cal., July 18, 2016, No. 14-CV-01160-JST) 2016 WL 3879193, at *7 (granting motion to seal confidential settlement agreement in a class action lawsuit).

## II. COMPELLING REASONS EXISTS TO SEAL THE UNREDACTED (1) OPPOSITIONS, (2) SCOOLIDGE DECLARATIONS, AND (3) CONFIDENTIAL SETTLEMENT AGREEMENT

### A. Silver's Filing of a Deceptively Redacted Portion of the Settlement Agreement Is an Improper Use, and Barring Plaintiffs from Presenting The Entire Agreement Would Severely Prejudice Them

In this action, Plaintiffs seek damages against Defendant David Silver for defamatory statements he made against them at the 2018 Blockchain Summit on May 24, 2018. (Dkt. 1.)

Defendant David Silver filed a Motion to Dismiss Complaint pursuant to Rule 12(b)(6) (Dkt. 15-1) (the "Motion to Dismiss") which seeks dismiss Plaintiffs' complaint on the grounds that Plaintiffs purportedly released all of the claims

1  therein in the Settlement Agreement in September 2018.  Silver also filed a Special
2  Motion to Strike under California's anti-SLAPP statute, California Code of Civil
3  Procedure section 425.16 (Dkt. 17-1) (the "Anti-SLAPP Motion") in which he
4  makes a similar argument.  The Settlement Agreement was not attached to or
5  referenced in the Complaint and Silver did not ask the Court to take judicial notice
6  thereof; instead, Silver attached it with selective redactions to his declaration.

7        The purpose of a Rule 12(b)(6) motion is not to weigh evidence or competing
8  factual claims, but rather to evaluate the sufficiency of the facts alleged in a
9  pleading, all of which must be accepted as true.  *Achal v. Gate Gourmet, Inc.*, 114 F.
10 Supp. 3d 781, 793 (N.D. Cal. 2015), *citing N. Star Int'l v. Ariz. Corp. Comm'n*, 720
11 F.2d 578, 581 (9th Cir. 1983).  Accordingly, the Motion to Dismiss is categorically
12 improper, as what it really seeks is summary judgment on a factual defense.

13       The copy of the Settlement Agreement attached by Silver to his declaration is
14 only partially-redacted, but on its face it is a confidential agreement of a class action
15 lawsuit.  As Plaintiffs detail more fully in the Declaration of Ryan M. Lapine (the
16 "Lapine Declaration") filed confidentially in support hereof, the Settlement
17 Agreement contains a Confidentiality Clause that obligates Silver, himself, not to
18 make any public disclosures regarding the terms of the agreement.  Publicly filing
19 the Settlement Agreement, even partially redacted, is a clear breach of the
20 Settlement Agreement itself.  Plaintiffs will address that breach in the appropriate
21 forum at the appropriate time.  None of their efforts to oppose Silver's argument are
22 intended as or should be construed as a waiver of Silver's obligations or their own
23 under the Confidentiality Clause.

24       Silver's violation of the Settlement Agreement's Confidentiality Clause was
25 for naught because, as a matter of fact and law, the language of the Settlement
26 Agreement cannot be construed to release Plaintiffs' claims against Silver.  The
27 portion presented in unredacted form, though not supportive of Silver's position in
28 its own right, is in addition deceptive without the context of the entire agreement.

LAW OFFICES
**ROSENFELD,
MEYER &
SUSMAN LLP**

520590.01

6
APPLICATION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT
DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT UNDER SEAL

To properly adjudicate Silver's infirmed defense and to determine the rules under which that agreement must be adjudicated, Plaintiffs must present the entire, unredacted Settlement Agreement to the Court. Accordingly, Plaintiffs discuss the Settlement Agreement in the Motion to Dismiss Opposition, the Anti-SLAPP Opposition, the Rule 11 Opposition, and attach the Settlement Agreement to declarations by Peter Scoolidge in support of each of those oppositions. Plaintiffs request leave of Court to file select, limited portions of those oppositions, the Schoolidge declarations, and copies of the Settlement Agreement under seal such that the Court may review it in the event it entertains Silver's argument related thereto.

If leave is not granted to file the Settlement Agreement and papers referencing it under seal, Plaintiffs will be prejudiced. Because Silver has breached the agreement by publicly filing misleading portions thereof, without leave to file the entire Agreement Plaintiffs would be placed in the impossible position of choosing between two bad alternatives. First, Plaintiffs can present the entire Settlement Agreement to the Court demonstrating that Silver's position lacks merit to an even greater degree than it does with just the redacted sections present. This solution may lead to litigation against Plaintiffs for breaching the Agreement. It is also likely to harm Plaintiffs' ability to conduct business given certain terms therein. If Plaintiffs' Settlement Agreement is made public, Silver and others are likely to use it to further defame Plaintiffs in pursuit of more business, exactly like he did at the 2018 Blockchain Summit.

On the other hand, if Plaintiffs do not submit the full agreement, their ability to disprove Silver's misuse of it decreases, allowing him to potentially succeed where the document obviates his ability to do so. The Court should not countenance Silver's bad faith gambit to tie Plaintiffs' hands in this way.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

520590.01

7
APPLICATION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT
DAVID C. SILVER'S MOTION TO DISMISS COMPLAINT UNDER SEAL

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file under seal unredacted copies of the (1) Motion to Dismiss Opposition; Declaration of Peter Scoolidge in support thereof, and Settlement Agreement attached as Exhibit "A" thereto, (2) Anti-SLAPP Opposition, Declaration of Peter Scoolidge in support thereof, and Settlement Agreement attached as Exhibit "B" thereto; and (3) Opposition to the Rule 11 Motion.

DATED: July 15, 2019         ROSENFELD, MEYER & SUSMAN LLP

                             By: _____*/s/ Ryan M. Lapine*_____
                                  Ryan M. Lapine
                             Attorneys for Plaintiffs NANO
                             FOUNDATION, LTD. and COLIN
                             LeMAHIEU