1  RYAN M. LAPINE, ESQ. (Cal. Bar No. 239316)
   rlapine@rmslaw.com
2  JOSHUA H. HERR, ESQ. (Cal. Bar No. 301775)
   jherr@rmslaw.com
3  ROSENFELD, MEYER & SUSMAN LLP
   232 North Canon Drive
4  Beverly Hills, California 90210-5302
   Telephone: (310) 858-7700
5  Facsimile: (310) 860-2430

6  Attorneys for Plaintiffs
   NANO FOUNDATION, LTD. and
7  COLIN LeMahieu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LeMAHIEU, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID C. SILVER, an individual, <br><br> Defendant. | Case No. 2:19-cv-04237 DDP (PJWx) <br><br> **PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU'S OPPOSITION TO DEFENDANT DAVID C. SILVER'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. AND COLIN LEMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., AND PIERCE, ROSENFELD, MEYER & SUSMAN, LLP** <br><br> Date: August 5, 2019 <br> Time: 1:30 p.m. <br> Judge: Hon. Stephen V. Wilson <br> Ctrm: 10A - 10th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION ............................................................................................1

II. The Allegations in the Complaint Have Factual Support .............................2

III. The Litigation Privilege Does Not Apply, Nor Does it Warrant the Issuance of Rule 11 Sanctions ...............................................................4

    A. LeMahieu Filed This Action to Rehabilitate His Sullied Name ...................................................................................................4

    B. The Litigation Privilege Does Not Apply to the Statements at Issue as a Matter of Law .....................................................................5

    C. Even if the Litigation Privilege Could Apply, That Does Not Warrant Issuing Rule 11 Sanctions ...................................................7

IV. Silver's Motion is Abusive, Wasteful, and is a Misuse of Rule 11 ................9

V. CONCLUSION ..............................................................................................11

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

15918-001000
520511.02

i

PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 11 MOTION

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Cooter & Gell v Hartmarx Corp.*,
   496 U.S. 384 (1990) ..................................................................................... 8

*Eastway Const. Corp. v. City of New York*,
   762 F.2d 243, 254 (2d Cir. 1985) ................................................................. 8

*Gaiardo v. Ethyl Corp.*
   835 F.2d 479 (3d Cir. 1987) ......................................................................... 9

*GetFugu, Inc. v. Patton Boggs LLP*,
   220 Cal.App.4th 141 (2013) ..................................................................... 6, 7

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
   801 F.2d 1531 (9th Cir. 1986) ...................................................................... 8

*Greenberg v. Sala*,
   822 F.2d 882 (9th Cir. 1987) ........................................................................ 9

*Holgate v. Baldwin*,
   425 F.3d 671 (9th Cir. 2005) ........................................................................ 8

*Ipcon Collections LLC v. Costco Wholesale Corp.*,
   698 F.3d 58 (2d Cir. 2012) ........................................................................... 8

*Operating Engineers Pension Trust v. A-C Co.*,
   859 F.2d 1336 (9th Cir. 1998) ...................................................................... 8

*Rothman v. Jackson*,
   49 Cal.App.4th 1134 (1996) .................................................................. 6, 7, 8

*Sage v. Hale*,
   347 N.Y.S.2d 416 (1973) .............................................................................. 3

*Silberg v. Anderson*,
   50 Cal.3d 205 (1990) ........................................................................ 5, 6, 7, 8

*Stitt v. Williams*,
   919 F.2d 516 (9th Cir. 1990) ........................................................................ 8

*Susan A. v. County of Sonoma*,
   2 Cal.App.4th 88 (1991) ........................................................................... 6, 7

## STATUTES AND RULES

Cal. Civil Code § 47(b) ........................................................................................ 5, 7

Cal. Civil Code § 47(d) ............................................................................................ 7

Cal. Code Civ. P. §425.16 ........................................................................................ 1

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

520601.02

ii

PLAINTIFFS' OPPOSITION TO DEFENDANT'S RULE 11 MOTION

Fed. R. Civ. P. 11 ................................................................... 1, 3, 4, 5, 7, 8, 9, 10

Fed. R. Civ. P. 11(b)(1) ............................................................................... 5

Fed. R. Civ. P. 11(b)(2) ............................................................................... 5

Fed. R. Civ. P. 11(b)(3) ............................................................................... 4

Fed. R. Civ. P. 11(c)(1) ............................................................................... 8

Fed. R. Civ. P. 11(c)(3) ............................................................................. 10

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 6

Local Rule 7-3 ........................................................................................... 3

## **MISCELLANEOUS**

Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401 ........................................................................................ 9, 10

## I. INTRODUCTION

Defendant David Silver burdens the Court by cutting and pasting the arguments from his 12(b)(6) and Section 425.16 anti-SLAPP motions into yet a third motion, a Rule 11 motion. Each of those efforts lacked merit on their own.

Silver's premised his 12(b)(6) on settlement release that Silver alleges releases him. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ That release does not and cannot apply to him. His defense is not only meritless, but in advancing it, he attempts to affirmatively mislead the Court. In this Motion, he argues that counsel for Nano Foundation, Ltd. and Colin LeMahieu (collectively "Plaintiffs") should be sanctioned because Plaintiffs' complaint lacks factual support to overcome Silver's release argument. This request for sanctions, like the defense Silver proffers, lacks merit and should be denied.

Silver's Anti-SLAPP argues that (1) Silver's defamatory statements against Plaintiffs were protected under section 425.16 of the California Code of Civil Procedure and (2) Plaintiffs cannot make a prima facie evidentiary case to support their claims. Silver told a series of fantastic lies at an industry conference to non-litigants regarding, *inter alia*, LeMahieu's marital status and the reasons for his marital divorce. He accused LeMahieu of committing a heinous crime. His false statements are not privileged. Plaintiffs can readily make a prima facie evidentiary case. Moreover, in bringing his infirmed anti-SLAPP, Silver both misapplied existing precedent and entirely ignored recent Ninth Circuit holdings. His request that Plaintiffs' counsel be sanctioned for advancing arguments that are supposedly without legal support given Silver's misapplication of privilege, First Amendment, and Section 425.16 jurisprudence accordingly lacks merit.

Silver's motion is an abuse of Federal Rule of Civil Procedure 11. The Ninth Circuit rejects Silver's abusive litigation tactics. They warrant scrutiny the Court's scrutiny.

## II. <u>The Allegations In The Complaint Have Factual Support</u>

Silver proffers but a two-page argument in his brief that the challenged factual contentions in Plaintiffs' complaint lacks evidentiary support. (Dkt. 18-1 at IV.B.) The entirety of Silver's argument is that a 2018 settlement agreement barred the claims made against Silver. It does not. Silver's position not only lacks factual support, but in so arguing, he affirmatively attempts to mislead the Court.

Silver was not a signatory to that settlement agreement. (Dkt. 15-2 pp 35-39.) In that action, he represented only a natural person named Alex Brola. (Dkt. 15-2 p. 32; Declaration of Peter Scoolidge in Support of Nano Foundation, LTD. and Colin LeMahieu's Opposition to Defendant David C. Silver's Motion to Dismiss Complaint ("Scoolidge Motion to Dismiss Decl."), filed concurrently herewith, ¶ 7.)



(Dkt. 15-2, p. 33 (Emphasis Added).)

1  █████████████████████████████████████ *Sage v. Hale,* 347 N.Y.S.
2  2d 416, 418-419 (1973) (A release is required to "expressly designate by name or to
3  otherwise specifically describe or identify those other tort-feasors whom the releasor
4  intends to release so as to demonstrate the clear intent of the releasor"). [1]

5  Instead, Silver argues that Plaintiffs' counsel should be sanctioned under Rule
6  11 because he was Brola's "agent". In the best light, this argument is merely
7  meritless. ████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 █████.

11 What is particularly troubling about Silver's motion is that during Local Rule
12 7-3 efforts related to his 12(b)(6) motion, Plaintiffs' counsel attempted to explain the
13 fatal error in Silver's analysis, namely that he was seeking to rely upon the incorrect
14 section of the bifurcated release. (Declaration of Ryan M. Lapine in Support of
15 Nano Foundation, LTD. and Colin LeMahieu's Opposition to Defendant David C.
16 Silver's Motion to Dismiss Complaint ("Lapine Motion to Dismiss Decl."), filed
17 concurrently herewith, ¶¶ 2-4.) Regrettably, Silver's out of state counsel, not
18 admitted *pro hac vice* for this matter, blew off those meet and confer efforts. (*Id.*, ¶
19 4.) Silver not only made his infirmed argument in his 12(b)(6) motion but he
20 doubled down on it, regurgitating it in a Rule 11 sanctions request.

21 Silver argues that it was unreasonable for Plaintiffs' counsel to file this action
22 without inquiring whether the class action settlement agreement waived claims
23 against Silver. (Dkt. 18-1, 28: 4-7.) It plainly does not. Silver argued that
24 Plaintiffs' counsel "conceded he was unaware that when the parties to the First Nano
25 Lawsuit … resolved that putative class action, they entered into the Settlement

---

[1] ████████████████████████████████████████████████████
████████████████████████████████████████████████████

Agreement that included a 'Mutual General Release'". ((Dkt. 18-1, 28:1-4.) That is untrue. Plaintiffs counsel expressed, instead, that he was unaware of a release that releases claims against Silver, as the release upon which Silver relies plainly does not. (Declaration of Ryan Lapine in support of this Application ("Lapine Decl."), ¶ 2.) Such an agreement simply does not exist.

It is unclear if Silver was just careless with the facts before him or if he is attempting to affirmatively mislead the Court as to the scope of the release while concomitantly attempting to obtain an unjust sanctions award in the process. Regardless, the outcome is the same. Silver presents no evidence to the Court to suggest that the pleading at issue runs afoul of Rule 11(b)(3).

### III. The Litigation Privilege Does Not Apply, Nor Does it Warrant the Issuance of Rule 11 Sanctions

#### A. LeMahieu Filed This Action to Rehabilitate His Sullied Name

Silver told a series of fantastic lies about LeMahieu to his industry peers and colleagues. (Declaration of Peter Scoolidge in Support of Plaintiffs Nano Foundation, Ltd. and Colin LeMahieu's Opposition to Defendant David C. Silver's Motion to Strike Complaint Pursuant to Cal. Code Civ. Proc. § 425.16, at ¶¶ 2-3, Ex. A.) Silver made salacious statements about LeMahieu's failed marriage and the reasons for his marital dissolution, all of which were false. (*Id.*) These included accusations that LeMahieu ended his marriage because he decided that he could "do better" than his former spouse because of newly acquired wealth. (*Id.*) He also accused LeMahieu of being an actual criminal, facing actual criminal charges, who perpetrated and profited from a $150,000,000 fraud and theft. (*Id.*) He went on to accused LeMahieu and his peers of refusing to assist with law enforcement efforts to rectify a large theft. (*Id.*) These statements were all false. (Declaration of Colin LeMahieu in Support of Plaintiffs Nano Foundation, LTC. And Colin LeMahieu's Opposition to Defendant David C. Silver's Special Motion to Strike Complaint Pursuant to Cal. Code Civ. Proc. § 425.16, ¶¶ 9-13.)

Regardless, the damage was done. (*Id*. at ¶¶ 14-15.) LeMahieu was humiliated, suffered emotional distress, and lost good standing and a well-deserved reputation within his industry. (*Id.*) He filed this action not to somehow chill a lawsuit that was settled months before he filed this action or another lawsuit that was dismissed for lacking merit, but to rehabilitate his good name and to vindicate himself by succeeded herein from the false accusation Silver levied against him.

In his Rule 11 Motion, Silver merely cut and pasted the argument section from his anti-SLAPP motion word for word. He added but one sentence to connect this regurgitated argument to his Rule 11 motion. He simply argues:

> Because the allegedly offending statements upon which Plaintiffs rest their claims are absolutely immune from tort liability by Cal Civil Code § 47(b)'s litigation privilege, the claims and other legal contentions set forth in the Complaint are not warranted by existed law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishment of new law. Therefore, sanctions are appropriate under Fed.R.Civ.P. 11(b)(1) and 11(b)(2).

(Dkt. 18-1, 24:15-25:2.)

Accordingly, Plaintiffs do not address the entirety of Silver's anti-SLAPP analysis herein, as only his Section 47(b) argument bears on his Rule 11 request. The statements at issue do not fall within the penumbra of that privilege as a matter of law. Even if the Court finds that they do, that does not warrant the issuance of Rule 11 sanctions.

**B.     The Litigation Privilege Does Not Apply to the Statements at Issue as a Matter of Law**

The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson,* 50 Cal.3d 205, 212 (1990). This

is called the "furtherance" test: to qualify for the privilege the communication must be made "in furtherance of the objects of the litigation." *Id.* at 219.

Accordingly, the litigation privilege "does not apply where publication is to persons in no way connected with the proceeding." *Susan A. v. County of Sonoma* 2 Cal.App.4th 88, 93 (1991). The California Supreme Court confirmed in *Silberg* that defamatory statements publicized to nonparticipants in the litigation are not privileged, even if the defamatory statement is merely a "republication" of allegations in the litigation. *Silberg*, *supra,* 50 Cal.3d at 219. "Statements to nonparticipants in the action are generally not privileged under section 47(b), and are thus actionable unless privileged on some other basis." *Rothman v. Jackson*, 49 Cal.App.4th 1134, 1141 (1996).

The California Court of Appeal's decision in *GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141, 154 (2013) is particularly instructive. There, the plaintiffs' attorneys in a shareholder suit issued a one-page press release, issued through "Investor Wire," discussing the lawsuit and an alleged FBI investigation related thereto, which involved alleged misdeeds of GetFugu and its principal Freer, and asked for "investigative leads" and "tips." *Id.* at 145-146. After the underlying litigation resolved, GetFugu and Freer sued the plaintiff's attorneys for defamation, who responded with an anti-SLAPP motion, wherein the plaintiffs' attorneys claimed that the press release was directed only to the "investment community" and was shielded by the litigation privilege because the investment community had an interest in the outcome of the matter. *Id.* at 148-149.

In their opposition, Freer and GetFugu submitted declarations showing that the statements of fact were false, something that LeMahieu need not do here as on a 12(b)(6) his allegation that they were false is presumed true. *Id.* at 154-155. The California Court of Appeal denied the anti-SLAPP, finding that the litigation privilege did not cover the press release:

> The press release and Tweet were posted on the Internet and thus were released worldwide. Dissemination of these publications to a segment of the population as large as the "investment community" is essentially the same as disclosure to the general public. If anyone with an interest in the outcome of the litigation is a person to whom a privileged communication could be made, *Silberg* and *Rothman* would be eviscerated. We conclude the March 22, 2010 press release and the August 31, 2010 Tweet are not shielded by the litigation privilege.

*Id.* at 154.

Silver provides no authority in his Motion that contradicts the holdings in *Silberg*, *Susan A.*, *Rothman*, and *GetFugu, Inc.* and holds that statements made to members of the general public, such as occurred here, are protected by the litigation privilege.

Silver argues elsewhere that the litigation privilege applies as his statements were a "fair and true" report of the allegations in the Brola litigation. Silver's reliance on the "fair and true report" standard is inapplicable. The "fair and true report" standard, enshrined in California Civil Code section 47(d), protects only reports to "a public journal." Silver's statements were not made to the media, they were made at an industry conference.

The allegedly offending statements upon which Plaintiffs rest their claims are not privileged under Section 47(b). Silver does not present the Court with any argument, legal authority, or facts to support a finding that Plaintiffs' counsel violated Rule 11(b)(1) or 11(b)(2).

### C. Even if the Litigation Privilege Could Apply, That Does Not Warrant Issuing Rule 11 Sanctions

To adjudge whether a pleading is "frivolous" such that Rule 11 sanctions should issue, the Ninth Circuit has recognized a "two-prong inquiry to determine (1)

whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005). Rule 11 does not require the certifying attorney to rely upon enough evidence to survive summary judgment; the "nonfrivolous" standard is lower. *Stitt v. Williams*, 919 F.2d 516, 527 (9th Cir. 1990). Instead, Rule 11 is violated if, at the time the attorney presents the challenged pleading, it was "patently clear that a claim has absolutely no chance of success under the existing precedents, and … no reasonable argument can be advanced to extend, modify or reverse the law as it stands…." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (emphasis added) (superseded by rule amendment on other grounds as recognized by *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63-64 & fn. 7 (2d Cir. 2012)).

Even if the two factors are met, sanctions are not mandatory; the Court only "may" in its discretion impose sanctions. Fed. R. Civ. Proc. 11(c)(1); *Cooter & Gell v Hartmarx Corp.*, 496 U.S 384, 405 (1990). Sanctions should only be imposed in "rare and exceptional" cases. *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1998). As such, it is improper to award Rule 11 sanctions "on close decisions" of legal interpretations such as whether a particular privilege may apply. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986) (reversing a grant of Rule 11 sanctions as Rule 11 does not require the lawyer to step "into the robes of the judge to decide whether the authority is indeed contrary or whether it is distinguishable").

Silver presents no argument or evidence to suggest that Plaintiffs' counsel did not conduct a reasonable inquiry into the application of Section 47(b) privilege on Plaintiffs' claims to support issuance of Rule 11 sanctions. None exists. Plaintiffs' counsel researched the issue before filing the complaint and found, as detailed above, that under *Silberg*, *Rothman*, and their progeny, the litigation privilege is

inapplicable to the facts of this case. (Lapine Decl., ¶ 3.) To the extent that these authorities do not control, though they appear to, they create enough doubt such that Rule 11 sanctions as requested by Silver would be improper.

### IV. Silver's Motion is Abusive, Wasteful, and is a Misuse of Rule 11

"Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine." Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 590. Rule 11 motions should not be threatened or filed if an adversary's allegations are fairly debatable. *Id.*

"The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose." *Gaiardo v. Ethyl Corp.* (3d Cir. 1987) 835 F.2d 479, 485. Further, the Ninth Circuit has noted that Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).

Here, Silver's counsel wrote on July 2:

> I have not heard from you since I sent you the settlement
> agreement proving that this case is filed without merit. Nor did I

> ever hear from you about my client's willingness to sign a waiver of service. As you are aware, my client's motions to strike and dismiss are on the docket for August 5th.
>
> Please confirm that your client is not going to withdraw the complaint against my client pursuant to motions filed in this case (strike/dismiss). A failure to withdraw may result in motions for sanctions to be timely filed under Rule 11.
>
> I hope to hear from you before the end of the day. (Lapine Decl., Ex. 1.)

Ignoring why Silver's counsel addressed a waiver of service *after* he voluntarily appeared in this action, the settlement agreement did not prove that this case was filed without merit. As was explained to Silver's counsel at length, his client seeks to rely on language in the release that expressly does not apply to him. Moreover, Silver was explicitly using the threat of Rule 11 sanctions to attempt to intimidate Plaintiffs out of adjudicating the sufficiency of their pleadings. That is precisely what the Committee Notes say Rule 11 should *not* be used for: "to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." 146 FRD 401, 590.

Absent guidance from the Court that it is preferred, Plaintiffs will not burden the Court with further Rule 11 pleadings addressing the sufficiency of Silver's constellation of motion papers, particularly his factually baseless allegation that the release could apply to him. Plaintiffs are mindful that should the Court wish to do so, it can address those pleadings on its own accord under Rule 11(c)(3). Plaintiffs remain hopeful that Silver will reform his litigation tactics going forward and will not continue to create burden and cost by filing gratuitous pleadings of highly questionable factual and legal merit.

## V. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny Silver's Rule 11 motion.

DATED: July 15, 2019

RYAN M. LAPINE, ESQ.
ROSENFELD, MEYER & SUSMAN LLP

By: */s/ Ryan M. Lapine*
Ryan M. Lapine
Attorneys for Plaintiffs NANO FOUNDATION, LTD. and COLIN LeMAHIEU