Brandon S. Reif, Esq. (State Bar No. 214706)
E-Mail: BReif@ReifLawGroup.com
**REIF LAW GROUP, P.C.**
1925 Century Park East - Suite 1700
Los Angeles, California 90067
Telephone: (310) 494-6500

F. Jason Seibert, Esq. (*Pro Hac Vice application forthcoming*)
E-Mail: Jason@seibert-law.com
**SEIBERT LAW**
6007 Greenway Manor Lane
Spring, Texas 77373
Telephone: (971) 235-5764

*Attorneys for Defendant David C. Silver*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LEMAHIEU, an individual;<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVID C. SILVER, an individual;<br><br>        Defendant. | Case No. 2:19-cv-04237-SVW-PJW<br><br>**DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16**<br><br>Date:    August 5, 2019<br>Time:   1:30 p.m.<br>Judge:  Hon. Stephen V. Wilson<br>Crtrm:  10A - 10th Floor |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................................... 1

II.  ARGUMENT........................................................................................................ 2

   A. Prong One of the Anti-SLAPP Statute is Satisfied: The Challenged Claims Arise from Activity Protected by the Anti-SLAPP Statute and are Non-Actionable ..... 2

   B. Under Prong Two of the Anti-SLAPP Suit Statute, Plaintiffs Have Failed to Demonstrate a Reasonable Probability that They Will Prevail on their Claims .... 4

      1. The Statements Cited by Plaintiffs Are Non-Actionable, As They Are True, Are Mere Hypotheticals or Statements of Opinion, and/or Are Forms of Constitutionally-Protected Speech ................................................................. 4

      2. Plaintiffs Have Not Properly Pleaded or Sustained their Defamation Claims (Counts I and II) ............................................................................................... 9

      3. Plaintiffs Have Not Properly Pleaded or Sustained their Trade Libel Claim (Count III) ........................................................................................................ 10

      4. Plaintiffs Have Not Properly Pleaded or Sustained their Interference With Economic Advantage Claim (Count IV) ....................................................... 11

III. CONCLUSION ................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Bartholomew v. YouTube, LLC*
   17 Cal.App.5th 1217 (2017) ................................................................ 2

*Briggs v. Eden Council for Hope & Opportunity*
   19 Cal.4th 1106 (1999) .......................................................................... 3

*Cepeda v. Cowles Magazines & Broad, Inc.*
   392 F.2d 417 (9th Cir. 1968) ................................................................ 8

*Chaker v. Mateo*
   209 Cal.App.4th 1138 (2012) ...................................................... 3-4, 7

*Committee to Protect our Agricultural Water v. Occidental Oil and Gas Corp.*
   235 F.Supp.2d 1132 (E.D. Cal. 2017) ................................................ 5

*Cross v. Cooper*
   197 Cal.App.4th 357 (2011) ................................................................ 4

*D.C. v. R.R.*
   182 Cal.App.4th 1190 (2010) .............................................................. 6

*Harris v. County of Orange*
   682 F.3d 1126 (9th Cir. 2012) ............................................................ 5

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*
   2014 WL 6892141 (C.D. Cal. Nov. 5, 2014) .................................... 11

*Gardner v. Martino*
   563 F.3d 981 (9th Cir. 2009) .............................................................. 11

*G.U.E. Tech, LLC v. Panasonic Avionics Corp.*
   2015 WL 12696203 (C.D. Cal. Sept. 1, 2015) .................................. 11

*Kashian v. Harriman*
   98 Cal. App. 4th 892, 906 (2002) .................................................... 2-3

*Leonardini v. Shell Oil Co.*
   216 Cal.App.3d 547 (1990) ................................................................ 10

*Makaeff v. Trump Univ., LLC*
   715 F.3d 254 (9th Cir. 2013) .............................................................. 9

*Mann v. Quality Old Time Svc., Inc.*
   120 Cal.App.4th 90 (2004) ................................................................ 10

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

*Manzari v. Associated Newspapers, Ltd.*
   830 F.3d 881 (9th Cir. 2016) ............................................................ 8

*MMM Holdings, Inc. v. Reich*
   21 Cal.App.5th 167 (2018) ............................................................... 9

*Nygard, Inc. v. Uusi-Kerttula*
   159 Cal.App.4th 1027 (2008) .......................................................... 6

*Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc.*
   268 F.Supp.3d 1071 (C.D. Cal. 2017) ........................................... 12

*Palin v. N.Y. Times Co.*
   264 F.Supp.3d 527 (S.D.N.Y. 2017) ............................................... 9

*Pardi v. Kaiser Found. Hosps.*
   389 F.3d 840 (9th Cir. 2004) ..................................................... 11-12

*Piping Rock Partners v. David Lerner Assocs.*
   946 F.Supp.2d 957 (N.D. Cal. 2013) ............................................... 7

*Price v. Stossel*
   620 F.3d 992 (9th Cir. 2010) ........................................................... 4

*Reeves v. Hanlon*
   33 Cal. 4th 1140 (2004) ................................................................. 11

*Roe v. Doe*
   2009 WL 1883752 (N.D. Cal. 2009) ............................................... 7

*Rubin v. Green*
   4 Cal.4th 1187 (1993) ...................................................................... 9

*Rusheen v. Cohen*
   37 Cal.4th 1048 (2006) .................................................................... 3

*Seelig v. Infinity Broad. Corp.*
   97 Cal.App.4th 798 (2002) .............................................................. 3

*Summit Bank v. Rogers*
   206 Cal.App.4th 669 (2012) ......................................................... 6, 7

*UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*
   117 F.Supp.3d 1092 (C.D. Cal. 2015) ........................................... 12

*Wynn v. Chanos*
   75 F.Supp.3d 1228 (N.D. Cal. 2014) ............................................... 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

Cal. Civ. Code § 47(b) ............................................................................... 6, 9

Cal. Civ. Code § 48a(d)(1) ............................................................................ 10

Cal. Civ. Code § 48a(d)(2) ............................................................................ 10

Cal. Code Civ. Proc. § 425.16 ................................................................ *passim*

Cal. Code Civ. Proc. § 425.16(a) ..................................................................... 3

Cal. Code Civ. Proc. § 425.16(c) ................................................................... 12

Cal. Code Civ. Proc. § 425.16(e) ..................................................................... 3

Cal. Code Civ. Proc. § 425.16(e)(2) ................................................................. 3

Cal. Code Civ. Proc. § 425.16(e)(3) ........................................................ 3, 4, 9

Cal. Code Civ. Proc. § 425.16(e)(4) ................................................................. 3

**Rules**

Fed.R.Civ.P. 9(g) ......................................................................................... 10

Fed. R. Evid. 201 ........................................................................................... 5

**Treatises and Articles**

BITCOIN MAGAZINE, *What Is an Altcoin?*, https://bitcoinmagazine.com/guides/what-altcoin ............. 5

**Other**

*Brola v. Nano, et al.* ("First NANO Lawsuit")
    U.S. District Court - E.D.N.Y. - Case No: 1:18-cv-02049-NG-RML ................................. *passim*

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

## I. **INTRODUCTION**

In both their Complaint[1] and in their opposition[2] to the motion filed by Defendant DAVID C. SILVER (hereinafter "Defendant" or "Attorney Silver") to have that Complaint stricken pursuant to Cal. Code Civ. Proc. § 425.16[3], Plaintiffs NANO FOUNDATION, LTD. and COLIN LEMAHIEU undertake great efforts to impugn Attorney Silver -- repeatedly calling him a liar, stating that he lacks candor, and suggesting that he has misled this Court. The ferocity of Plaintiffs' *ad hominem* attacks, however, merely serve as a mask to the fact that the Complaint is both legally and factually ill-supported. Notwithstanding the fire behind Plaintiffs' papers, the Complaint should be stricken as a SLAPP lawsuit: a "Strategic Lawsuit Against Public Participation" that is designed to chill and punish Attorney Silver's exercise of constitutionally protected speech and petition rights. In their haste to launch their litigious assault against Attorney Silver[4], Plaintiffs have not even bothered to present viable causes of action -- relying instead on vaguely-pleaded allegations and unsupportable legal theories that do not satisfy even the most lenient of pleading standards.

As explained below, Plaintiffs have misapplied the "litigation privilege" that shields the comments by Attorney Silver which rest at the core of the Complaint. Additionally, Plaintiffs have grossly overstated the sufficiency of the legal claims they have pleaded. Statements like those made by Attorney Silver -- made about public figures on matters of public interest that are true or that are mere hypotheticals or expressions of opinion -- are not actionable. Moreover, Plaintiffs' vague references to incalculable damages that may or may not have been suffered by a public figure like COLIN LEMAHIEU do not suffice, even at this preliminary stage of the pleadings.

For the reasons set forth herein as well as those presented in the Special Motion to Strike the Complaint under Cal. Code Civ. Proc. § 425.16, Plaintiffs' Complaint should be stricken forthwith.

---

[1] Docket Entry No. ("DE") 1 ("Compl.").

[2] DE 19-6 ("Plaintiffs' Opposition Memo").

[3] DE 17 ("Special Motion to Strike SLAPP Complaint").

[4] Plaintiff COLIN LEMAHIEU is repeatedly misidentified in his own pleading as "**Conor** LeMahieu." *See*, Compl. at First Claim (Page 13), Second Claim (Page 15), and Fourth Claim (Page 18).

Case No. 2:19-cv-04237-SVW-PJW

## II.       ARGUMENT

### A.       Prong One of the Anti-SLAPP Statute is Satisfied: The Challenged Claims Arise from Activity Protected by the Anti-SLAPP Statute and are Non-Actionable

Plaintiffs' Complaint cites four isolated statements from Attorney Silver's presentation at the May 24, 2018 Blockchain Law Summit as those that have somehow caused Plaintiffs harm. However, none of the statements cited are actionable as alleged by Plaintiffs.[5] Moreover, Plaintiffs' selective presentation of the statements on which they rely takes them out of their proper context and misleads the Court into an erroneous understanding of how those statements were really made.

> When analyzing whether the publication is defamatory, "'[t]he publication in question may not be divided into segments and each portion treated as a separate unit; it must be read as a whole in order to understand its import and the effect that it was calculated to have on the [listener], and construed in the light of the whole scope and apparent object of the [speaker], considering not only the actual language used, but the sense and meaning that may be fairly presumed to have been conveyed to those who [hear] it.'"[6]

To put Attorney Silver's comments in context of their true import and the sense and meaning they were intended to convey, filed simultaneously herewith is a declaration from Attorney Silver that attaches a transcription of the **full** passages from Attorney Silver's presentation at the May 24, 2018 Blockchain Law Summit relating to NANO and COLIN LEMAHIEU, with the portions purposefully omitted from Plaintiffs' Complaint highlighted in yellow. Aside from their constitutional protections, the properly-contextualized comments made by Attorney Silver are otherwise non-actionable -- something of which Plaintiffs were, or should have been, aware before bringing this spiteful lawsuit against Attorney Silver.

The first inquiry the court must conduct under Cal. Code Civ. Proc. § 425.16 is to determine "whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of

---

[5] It must be repeated that, as stated in the Special Motion to Strike SLAPP Complaint, **at no point during his presentation did Attorney Silver ever mention the NANO FOUNDATION, LTD.** *See*, Special Motion to Strike SLAPP Complaint at 3, 13, and 14.

[6] *Bartholomew v. YouTube, LLC*, 17 Cal.App.5th 1217, 1227-1228 (2017) (affirming trial court order striking Complaint as SLAPP lawsuit under Cal. Code Civ. Proc. § 425.16).

2

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

petition or free speech in connection with a public issue."[7]   Section 425.16(e) of California's anti-SLAPP statute defines an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as follows:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Attorney Silver's presentation at the Blockchain Law Summit satisfies several of those criteria, which the statute itself instructs should be construed broadly.[8]

Under the broad boundaries of the anti-SLAPP statute, Attorney Silver's presentation was made in connection with an issue then under consideration or review by a judicial body [§ 425.16(e)(2)] -- *i.e.*, the court overseeing the First NANO Lawsuit.[9]   His speech broadly addressed some of the key allegations in the First NANO Lawsuit, all of which were a matter of public record.

More pointedly, Attorney Silver's presentation was undoubtedly made "in a place open to the public or a public forum in connection with an issue of public interest" [§ 425.16(e)(3)] and "in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" [§ 425.16(e)(4)].  The "public interest" requirement, "like all of section 425.16, is to be construed broadly."[10]  As for what constitutes an issue of "public interest," several California courts have held that "[a]n 'issue of public interest' is '*any issue*

---

[7] *Kashian v. Harriman*, 98 Cal. App. 4th 892, 906 (2002).

[8] Cal. Code Civ. Proc. § 425.16(a).

[9] *See*, *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006) (section 425.16 protects "communicative conduct such as the filing, funding, and prosecution of a civil action," as well as any communications or conduct "by attorneys in representing clients in litigation"); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1111-1116 (1999) (filing or promoting a lawsuit arises from defendant's exercise of petition rights and extends to legal representatives).

[10] *Seelig v. Infinity Broad. Corp.*, 97 Cal.App.4th 798, 808 (2002).

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

*in which the public is interested.*"[11]  Because the terms "public interest" and "public issue" are "inherently amorphous and thus do not lend themselves to a precise, all-encompassing definition,"[12] it is eminently reasonable to hold that Attorney Silver's invitation to speak at a public conference and discuss the litigation his law firm was handling in the world of cryptocurrency law falls within the ambit of Cal. Code Civ. Proc. § 425.16(e)(3) and/or (e)(4).  Whether qualifying under one, two, or all three of the above-cited provisions, Attorney Silver satisfies the applicable statutory construct.

**B.    Under Prong Two of the Anti-SLAPP Suit Statute, Plaintiffs Have Failed to Demonstrate a Reasonable Probability that They Will Prevail on their Claims**

Having resolved the first component of the anti-SLAPP statute, the Court must next turn to the fatal flaws showing that Plaintiffs cannot satisfy their burden under the second prong of the anti-SLAPP analysis -- *i.e.*, that it is reasonably probable that Plaintiffs will prevail on their claims.  Plaintiffs have not (and cannot) demonstrated the Complaint is legally sufficient; and they likewise have not (and cannot) demonstrated their claims are supported by a prima facie showing of facts to sustain a favorable judgment.  As a result, their Complaint must be stricken.[13]

**1.    The Statements Cited by Plaintiffs Are Non-Actionable, As They Are True, Are Mere Hypotheticals or Statements of Opinion, and/or Are Forms of Constitutionally-Protected Speech**

**Statement No. 1** cited by Plaintiffs[14] focuses on whether Nano is "an alternative coin," a characterization which Plaintiffs loudly protest.[15]  Notwithstanding Plaintiffs' fervor, Attorney Silver's

---

[11] *See, e.g., Chaker v. Mateo*, 209 Cal.App.4th 1138, 1147 (2012) (citations omitted) (emphasis in original).

[12] *Cross v. Cooper*, 197 Cal.App.4th 357, 371 (2011).

[13] *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010) ("A defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff.") (citations and internal quotation marks omitted).

[14] *"Nano is not really a real coin, they claim to be a real coin but what they couldn't get, uh, any recognition in the United States Coinbase, Kraken, Poloniex, Bitfinex, Gemini, no one was willing to put them on their exchange. Why? Cause [sic] they were an alternative coin and they weren't really a real coin."*

[15] *See, e.g.*, Compl. at ¶¶ 42-44, 93.  *See also*, Plaintiffs' Opposition Memo at 6.

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

Case No. 2:19-cv-04237-SVW-PJW

1   statement is true.  The term "alternative coin" or "altcoin" merely refers to any cryptocurrency that is

2   not bitcoin, as explained by BITCOIN MAGAZINE:

> Using our handy guide, you may have already familiarized yourself
> with the ins and outs of Bitcoin.  **But aside from bitcoin, there are**
> **hundreds of other digital currencies out there.  These are known as**
> **"altcoins," or alternatives to bitcoin**; for example, ether, ripple, zcash,
> monero and dash, to name just a few.[16]

6   Attorney Silver's statement about Nano being an "alternative coin" was not made with reckless

7   disregard for the truth; rather, it was a truthful statement pointing out that Nano is one of hundreds if

8   not thousands of cryptocurrencies other than bitcoin.  Whether Nano is a "pure cryptocurrency" (as

9   Plaintiffs allege) does not change the simple, unassailable fact that Nano is an alternative to bitcoin and

10   thus is characterized as an "alternative coin."  Nano's own website concedes this fact[17]:

## About Nano

Nano (formerly RaiBlocks) is a decentralized, sustainable, and secure
next-generation digital currency focused on addressing the
inefficiencies present in existing cryptocurrencies. Designed to solve
peer to peer transfer of value, Nano aims to revolutionize the world
economy through an ultrafast, fee-less and decentralized network that
is open and accessible to everyone.

15   Similarly, **Statement No. 2** cited by Plaintiffs[18] is also not actionable.  That statement represents

16   little more that Attorney Silver's recitation of the allegations that were made in the then-pending First

17   NANO Lawsuit.[19]  Plaintiffs' argument that Statement No. 2 is not privileged speech protected under

---

[16]   BITCOIN MAGAZINE, *What Is an Altcoin?*, https://bitcoinmagazine.com/guides/what-altcoin (emphasis added).

[17]   https://nano.org/en/about/.

[18]   *They tell their customers 'if you really believe in Nano ..... go to this small exchange in Italy that we don't know anybody and we have nothing to do but we completely vouch for him and he's running a legitimate exchange', we're gonna [sic] give him the Nano, he's gonna [sic] give us money every time he sells a Nano, he's gonna [sic] take half and we're gonna take half, we're gonna [sic] get rich and then one day there's gonna [sic] be an exit scam and then you're gonna [sic] be out $150 million."*

[19]   The Court may take judicial notice, even on its own, of the existence of the pleadings in the First NANO Lawsuit as well as the claims presented therein, even if not adopting the truth or accuracy of those claims.  *See*, Fed.R.Evid. 201(c)(1) ("[t]he court . . . may take judicial notice on its own.").  *See also*, *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that courts may take judicial notice of "documents on file in federal or state courts"); *Committee to Protect our Agricultural Water v. Occidental Oil and Gas Corp.*, 235 F.Supp.2d 1132, 1152 (E.D. Cal. 2017) (taking judicial notice of the existence of Complaints, and the allegations presented therein, from related lawsuits).

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

Section 47(b) of the California Civil Code -- because it is, among other arguments proffered by Plaintiffs, purportedly not about the First NANO Lawsuit or the relief sought therein by the victims comprising the putative class of plaintiffs and "not connected to an issue of public interest"[20] -- is utterly baseless.

Statement No. 2 undoubtedly satisfies the very broadly-interpreted standard of an issue of public interest protected under Section 47(b). "California cases establish that generally, '[a] public issue is implicated if the subject of the statement or activity underlying the claim: (1) was a person or entity in the public eye; (2) could affect large numbers of people beyond the direct participants; or (3) involved a topic of widespread, public interest.'"[21]  By Plaintiffs' own allegations, COLIN LEMAHIEU is well known in the cryptocurrency industry, including by those who attended Attorney Silver's speech at the Blockchain Law Summit.[22]  Similarly, NANO's reach extends to cryptocurrency holders across the world in NANO's efforts to develop a new "global digital currency."[23]

In addition, the above-cited passage from the Blockchain Law Summit was presented by Attorney Silver as an imaginary conversation between the defendants in the First NANO Lawsuit and people who had invested in Nano to demonstrate the general theme of the NANO parties' relationship with Bitgrail -- a relationship clearly alleged in the First NANO Lawsuit.  Suing Attorney Silver for making clearly hypothetical comments is legally untenable and must not be countenanced.[24]

---

[20] Plaintiffs' Opposition Memo at 11-16.

[21] *D.C. v. R.R.*, 182 Cal.App.4th 1190, 1226 (2010).  *See also*, *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal.App.4th 1027, 1027 (2008) ("'[A]n issue of public interest' . . . is any issue in which the public is interested.'").

[22] *See*, Complaint at ¶ 69 ("*[COLIN LEMAHIEU] is the chief developer and chief executive of Nano Foundation, a widely known fact to people within his industry.  The Blockchain Convention was attended by Mr. LeMahieu's industry peers and colleagues*.").  *See also*, Plaintiffs' Opposition Memo at 2 ("*Within the small cryptocurrency industry, LeMahieu was known to be Nano's developer and chief executive*"; "*Those at the Blockchain Summit would know the Nano developer, "head guy," and chief executive was LeMahieu*"), citing DE 23-5 at ¶ 4.

[23] *See*, Declaration of David C. Silver filed in support hereof at ¶ 4 and Exhibit "B" thereto, in which NANO touts itself thusly: "*A global digital currency*."  Aiming for impact across the world.  Over 100,000 followers on Twitter.  "*Global popularity*."  "*700 representative nodes online around the world*."  By Nano's own self-characterizations, it is positioned to "affect large numbers of people beyond the direct participants" in the First NANO Lawsuit and operates a business of "widespread public interest."

[24] *Summit Bank v. Rogers*, 206 Cal.App.4th 669, 699 (2012) ("Comments that are no more than 'rhetorical hyperbole,' 'vigorous epithet[s],' 'lusty and imaginative expression[s] of ... contempt,' and language used 'in a loose, figurative sense' have all been accorded constitutional protection.").

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

Furthermore, Attorney Silver's "loose, figurative" statements are clearly more characteristic of statements of opinion than actual statements of fact.  "Generally, statements of opinion are not actional as defamation, whereas statements of fact are actionable."[25]  Whether a statement is one of fact or opinion is a question of law for the court to decide when taking into consideration the totality of the circumstances surrounding the statement.[26]  With regard to that contextual analysis, the California Supreme Court has stated:

> [W]here potentially defamatory statements are published in a ... setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact may well assume the character of statements of opinion.[27]

In the instant matter, Attorney Silver was a featured speaker at a conference focused on blockchain technologies.  The small audience listening to his presentation ("Cryptocurrency, Blockchain, and U.S. Litigation -- Yesterday, Today, and Tomorrow") was expecting to hear "war stories" of litigation and, as suggested by the forward-looking portion of the title of the speech, conjecture about where some of those disputes might head in the future.  Hyperbole, opinion, and speculation were not only possible; they were a "natural and probable" expectation "undermin[ing] the [listeners'] expectations that the [statements made] are to be understood as assertions of fact."[28]  When examined in their proper context, it is clear Plaintiffs' Complaint is unsupported.

**Statement No. 3** cited by Plaintiffs[29] suffers from Plaintiffs' intentional omission of the words that precede it.  Immediately before the words cited by Plaintiffs, Attorney Silver said: "*Now, what do*

---

[25] *Piping Rock Partners v. David Lerner Assocs.*, 946 F.Supp.2d 957, 970 (N.D. Cal. 2013).

[26] *Chaker*, 209 Cal.App.4th at 1147 (internal citations omitted).  *See also*, *Roe v. Doe*, 2009 WL 1883752 (N.D. Cal. 2009) (setting forth the totality of the circumstances test that is to be used in determining whether a statement is one of fact or opinion).

[27] *Summit Bank*, 206 Cal. App. 4th at 696.

[28] *Id*. at 699.

[29] *When [the Nano developers] were asked to fix the problem and fork it [sic], their response was 'it's against our ethos.' ... I don't care where [sic] your ethos is, you live in the United States of America, there are laws here, those laws will be followed. We are now in Federal Court. When they tell the judge 'well, we don't wanna [sic] give back the money' a Federal Court judge is gonna say 'well if you wanna [sic] stay here and you don't wanna [sic] go to jail, you're gonna [sic] give back the money'.*"

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

*we do? We turned around, we sued the developers of Nano. Why?*"  Undoubtedly, Attorney Silver was addressing his small audience about the impetus behind, and circumstances surrounding, the First NANO Lawsuit.  Additionally, much like Statement No. 2 above, this passage is presented as a hypothetical future conversation between the defendants in the First NANO Lawsuit and the judge presiding over that case.  Furthermore, Plaintiffs' allegation that Attorney Silver had publicly accused them of a crime and that COLIN LeMAHIEU was facing criminal charges or a prison sentence is wildly inaccurate and misrepresentative of what Attorney Silver actually said at the conference.

Lastly, **Statement No. 4**[30] also serves as a poor example of fodder for the claims Plaintiffs have asserted.  Attorney Silver did not make that statement with malice toward COLIN LeMAHIEU, nor does it support Plaintiffs' claims.  COLIN LeMAHIEU is a public figure -- a fact both confirmed by Plaintiffs' own Complaint[31] and a critically important matter of law when evaluating the impact Attorney Silver's comments might have had on his audience.  "Whether an individual is a public figure is a question of law that must be assessed through a totality of the circumstances."[32]  Under the totality of the circumstances -- including the concessions in Plaintiffs' own filings[33] -- COLIN LeMAHIEU unquestionably qualifies as a public figure.[34]

---

[30] *Uhhhhh Nano, the CEO and the head guy at Nano who holds 90% of the Nano at like $15 it was worth $1.4 billion, I think it's down to like $4, so I think it's only worth like $400,000,000 now. Uhhh, he got divorced from his wife last year. He decided that he was ready. He deserved better because he was now rich. She took all the money. And then, the financial affidavit, she, they, argued about how much the Nano was worth and what the Nano was. But I will tell you this: he said it had value and he said that he believed it was going up and he believed it was a security cause [sic] he put it on his security side of the affidavit.*

[31] *See*, Complaint at ¶ 69 ("*[COLIN LEMAHIEU] is the chief developer and chief executive of Nano Foundation, a widely known fact to people within his industry.  The Blockchain Convention was attended by Mr. LeMahieu's industry peers and colleagues.*").

[32] *Manzari v. Associated Newspapers, Ltd*., 830 F.3d 881, 888 (9th Cir. 2016).

[33] *See*, Plaintiffs' Opposition Memo at 2 ("*Within the small cryptocurrency industry, LeMahieu was known to be Nano's developer and chief executive*"; "*Those at the Blockchain Summit would know the Nano developer, "head guy," and chief executive was LeMahieu*"), citing DE 23-5 at ¶ 4.

[34] *See*, *Manzari*, *supra* (holding that adult film actress "undoubtedly qualifies as a public figure" even if "she is less of a household name than stars in other sectors of [her] industry").  *See also*, *Cepeda v. Cowles Magazines & Broad, Inc*., 392 F.2d 417, 419 (9th Cir. 1968) (public figures for defamation purposes include "artists, athletes, business people, dilettantes, anyone who is famous or infamous because of who he is or what he has done").

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

As a public figure, COLIN LEMAHIEU has a high pleading threshold he must satisfy, including alleging "actual malice" as to each defamatory statement.[35]  The "actual malice" standard is a "demanding burden" because "general allegations that a defendant should have known or should have investigated the truth of his or her statements do not adequately plead actual malice."[36]  Plaintiffs have made nothing more than general allegations about Attorney Silver's purported malicious intent[37]; which renders their pleading insufficient.  Wasting valuable judicial resources to exact a misplaced vendetta against Attorney Silver should not be tolerated by the Court; and Plaintiffs' Complaint should be stricken without delay.

## 2.   Plaintiffs Have Not Properly Pleaded or Sustained their Defamation Claims (Counts I and II)

As already explained above, Statement No. 1 is not false, nor is it defamatory.  Therefore, Plaintiffs cannot prevail on a claim for defamation based on that statement.  Moreover, "[a] plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim."[38]  The statements Attorney Silver made at the May 2018 Blockchain Law Summit were all comments upon, and an outgrowth of, his law firm's work prosecuting the then-pending First NANO Lawsuit; and are thus all privileged "communications with 'some relation' to judicial proceedings' [which] are 'absolutely immune from tort liability' by [Cal. Civil Code § 47(b)'s] litigation privilege."[39]

Likewise, the claims are encompassed by Section 425.16(e)(3) and (e)(4), which bring within the protection of the anti-SLAPP law "written or oral statement[s] or writing[s] made in a place open to the public or a public forum in connection with an issue of public interest" and "any other conduct

---

[35] *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 265 (9th Cir. 2013).

[36] *Wynn v. Chanos*, 75 F.Supp.3d 1228, 1239 (N.D. Cal. 2014).  *See also*, *Palin v. N.Y. Times Co.*, 264 F.Supp.3d 527, 540 (S.D.N.Y. 2017) (requiring a "high degree of particularized proof . . . before plaintiff can be said to have adequately alleged clear and convincing evidence of actual malice.").

[37] *See*, Complaint at ¶ 75 ("*Mr. Silver failed to use any care, much less reasonable care[,] to determine the truth or falsity of the statements he made.*"); Complaint at ¶ 83 (*same*); and Complaint at ¶ 91 ("*Mr. Silver acted with reckless disregard of the truth and falsity of his statements as evidenced by the fact that they lack evidentiary support.*").

[38] *MMM Holdings, Inc. v. Reich*, 21 Cal.App.5th 167, 183 (2018).

[39] *Rubin v. Green*, 4 Cal.4th 1187, 1193 (1993).

9

Case No. 2:19-cv-04237-SVW-PJW

in furtherance of the exercise of the constitutional right of . . . free speech in connection with a public issue or an issue of public interest." As to the former, the Blockchain Law Summit was a place open to the public in connection with an issue of public interest. As to the latter, Attorney Silver's presentation at the Summit was an exercise of free speech in connection with a public issue or an issue of public interest.

Lastly, Plaintiffs have not demonstrated any of the "special damages"[40] required to sustain Counts I and II of the Complaint. Plaintiffs have asserted nothing more than generalized statements of "*significant emotional distress*," *damage to reputation*, "*considerable shame*," and "*pain and embarrassment.*" Those damages -- when not quantified with anything close to any calculated sum -- are simply general damages[41]; and much more than that is needed for Plaintiffs to sustain their claims.

### 3.   Plaintiffs Have Not Properly Pleaded or Sustained their Trade Libel Claim (Count III)

Just as with Counts I and II, Plaintiffs have failed to make a prima facie showing of the "special damages" required to sustain Count III. A cause of action for trade libel requires pleading and showing special damages.[42] Furthermore, under Fed.R.Civ.P. 9(g), a pleader must state special damages with specificity -- which Plaintiffs have not done. To have sustained their claim, Plaintiffs had to have "identif[ied] particular customers and transactions of which it was deprived as a result of the libel."[43] Instead, Plaintiffs have identified no particular purchasers who have refrained from dealing with NANO FOUNDATION, LTD. and identified no specific transactions of which NANO FOUNDATION, LTD.

---

[40] Cal. Civ. Code § 48a(d)(2) ("'Special damages' means all damages that plaintiff alleges and proves that he or she has suffered in respect to his or her property, business, trade, profession, or occupation, including the amounts of money the plaintiff alleges and proves he or she has expended as a result of the alleged libel, and no other.")

[41] *See* Cal. Civ. Code § 48a(d)(1) ("'General damages' means damages for loss of reputation, shame, mortification, and hurt feelings.").

[42] *Leonardini v. Shell Oil Co.*, 216 Cal.App.3d 547, 572 (1990).

[43] *Mann v. Quality Old Time Svc., Inc.*, 120 Cal.App.4th 90, 109 (2004).

10

claims to have been deprived.  Plaintiffs' vague assertions are insufficient to show pecuniary loss[44]; and they have therefore not met their burden to demonstrate a probability of prevailing on Count III of the Complaint -- which should accordingly be stricken.

### 4.  Plaintiffs Have Not Properly Pleaded or Sustained their Interference With Economic Advantage Claim (Count IV)

To prevail on their claim for Intentional Interference with Prospective Economic Advantage (Count IV of the Complaint), Plaintiffs must have pleaded -- and then provided a prima facie showing of the probability that they will prevail upon -- the following:

> "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts."[45]

Plaintiff must also have pleaded and proven that Attorney Silver "engaged in an independently wrongful act in disrupting the relationship," in addition to the interference itself.[46]  Here, Plaintiffs have failed to both plead and prove those elements of Count IV, which -- like the other claims in the Complaint -- is due to be stricken.

First, Plaintiffs "cannot state a claim for intentional interference with economic relations and prospective economic advantage because protected speech cannot be the basis for such a claim."[47]  Second, Plaintiffs failed to identify any particular individual or entity with whom COLIN LEMAHIEU's prospective economic advantage was purportedly interfered.  "The prospective economic relationship

---

[44] *See, e.g.*, *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, at *4 (C.D. Cal. Nov. 5, 2014) ("Plaintiffs' general statements of economic loss and bare statement for relief of $3 million dollars in damages do not sufficiently identify special damages."); *G.U.E. Tech, LLC v. Panasonic Avionics Corp.*, 2015 WL 12696203, at *5 (C.D. Cal. Sept. 1, 2015) (requiring "reasonably specific estimates of the damages allegedly stemming from the trade libel").

[45] *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152 (2004).

[46] *Id.*

[47] *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (court expanded First Amendment protections as defense against actions for interference with prospective economic advantage and affirmed trial court's dismissal of such claims as futile).

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16

1  must be reasonably probable and not speculative."[48]   No such relationships are identified in the

2  Complaint; and the papers Plaintiffs have submitted in opposition to Attorney Silver's Special Motion

3  to Strike go no further in demonstrating with whom those relationships supposedly exist.[49]

4      Clearly, Plaintiffs have not stated a viable claim or carried their burden of demonstrating a

5  probability of prevailing on Count IV of the Complaint.  For failing to meet their burden of pleading

6  and proof, Plaintiffs' Count IV should therefore be stricken.

7  **III.      CONCLUSION**

8      For all the foregoing reasons, as well as those set forth in his Special Motion to Strike SLAPP

9  Complaint, Defendant DAVID C. SILVER, an individual, respectfully requests that the Court grant his

10  anti-SLAPP motion, strike the Complaint filed by Plaintiffs NANO FOUNDATION, LTD. and COLIN

11  LEMAHIEU, and award Defendant attorneys' fees and costs under section 425.16(c).

12

13      Respectfully submitted,

14      By:  _/s/ Brandon S. Reif_
      Brandon S. Reif, Esq. (State Bar No. 214706)

15      E-Mail: BReif@ReifLawGroup.com
      **REIF LAW GROUP, P.C.**

16      1925 Century Park East - Suite 1700
      Los Angeles, California 90067

17      Telephone: (310) 494-6500

18      F. Jason Seibert, Esq.
       (*Pro Hac Vice application forthcoming*)

19      E-Mail: Jason@seibert-law.com
      **SEIBERT LAW**

20      6007 Greenway Manor Lane
      Spring, Texas 77373

21      Telephone: (971) 235-5764

22      *Attorneys for Defendant David C. Silver*

23  _____

24  [48] *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852 (9th Cir. 2004).  *See also*, *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F.Supp.3d 1092, 1117 (C.D. Cal. 2015) ("Allegations that a defendant

25  interfered with a relationship with an 'as yet unidentified' customer will not suffice."); *Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc.*, 268 F.Supp.3d 1071, 1090 (C.D. Cal. 2017) ("Plaintiff must identify

26  **specific third parties** with whom it had an economic relationship; a general averment that it 'had relationships with its customers and prospective customers' is insufficient.") (emphasis added).

27  [49] *See*, DE 23-1 at ¶ 14 (offering nothing more specific than being "*shunned by certain leaders in the industry*" and unidentified "*opportunities to advance my career and work with others in the

28  cryptocurrency industry*").

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   22nd   day of July 2019 by using the CM/ECF system and that a true and correct copy will be served <u>via</u> <u>electronic</u> <u>mail</u> to: **RYAN M. LAPINE, ESQ. and JOSHUA H. HERR, ESQ.**, PIERCE ROSENFELD, MEYER & SUSSMAN, LLP, *Counsel for Plaintiffs*, 232 North Canon Drive, Beverly Hills, CA 90210-5302; E-mail: RLapine@rmslaw.com; JHerr@rmslaw.com.

                                    */s/ Brandon S. Reif*
                                      BRANDON S. REIF

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF
POINTS & AUTHORITIES IN FURTHER SUPPORT OF HIS SPECIAL MOTION
TO STRIKE COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16