Brandon S. Reif, Esq. (State Bar No. 214706)
E-Mail: BReif@ReifLawGroup.com
**REIF LAW GROUP, P.C.**
1925 Century Park East - Suite 1700
Los Angeles, California 90067
Telephone: (310) 494-6500

F. Jason Seibert, Esq. (*Pro Hac Vice application forthcoming*)
E-Mail: Jason@seibert-law.com
**SEIBERT LAW**
6007 Greenway Manor Lane
Spring, Texas 77373
Telephone: (971) 235-5764

*Attorneys for Defendant David C. Silver*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LeMAHIEU, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> DAVID C. SILVER, an individual; <br><br> Defendant. | Case No. 2:19-cv-04237-SVW-PJW <br><br> **DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LeMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP** <br><br> Date:   August 5, 2019 <br> Time:   1:30 p.m. <br> Judge:  Hon. Stephen V. Wilson <br> Crtrm:  10A - 10th Floor |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................. 1

II.   ARGUMENT......................................................................................... 3

   A.  Federal Rule of Civil Procedure 11 Warrants Sanctions against Plaintiffs and their Counsel In This Matter ............................................................... 3

      1.  Plaintiffs' Complaint is Legally and Factually Baseless ............................... 3

      2.  Plaintiffs' Counsel Failed to Conduct a Reasonable and Competent Inquiry before Signing and Filing the Complaint ...................................... 4

III.   CONCLUSION ................................................................................. 6

ii
DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS &
AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND
SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST:
(1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LEMAHIEU AND
(2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and
PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Holgate v. Baldwin*
    425 F.3d 671 (9th Cir. 2005) ........................................................................... 3

*Sharma v. National Enterps., Inc.*
    2009 WL 10675177 (C.D. Cal. Oct. 8, 2009) ................................................ 3


**Rules**

Fed.R.Civ.P. 11 ....................................................................................... *passim*


**Other**

*Brola v. Nano, et al.* ("First NANO Lawsuit")
    U.S. District Court - E.D.N.Y. - Case No: 1:18-cv-02049-NG-RML ................................. 2, 4, 5

*Fabian v. Nano, et al.*,
    U.S. District Court - N.D. Cal. - Case No.: 4-19-cv-00054-YRG ................................. 2

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS &
AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND
SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST:
(1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LEMAHIEU AND
(2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and
PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

## I.   **INTRODUCTION**

> *Defendant David Silver burdens the Court by cutting and pasting the arguments from his 12(b)(6) and Section 425.16 anti-SLAPP motions into yet a third motion, a Rule 11 motion.  Each of those efforts lacked merit on their own.*

So begins the Memorandum of Points and Authorities filed by Plaintiffs NANO FOUNDATION, LTD. and COLIN LEMAHIEU ("Plaintiffs")[1] in opposition to the Motion for Attorneys Fees and Sanctions pursuant to Federal Rule of Civil Procedure 11 filed by Defendant DAVID C. SILVER ("Defendant" or "Attorney Silver").[2]  In response to the Motion to Dismiss Plaintiffs' Complaint[3], Plaintiffs called Attorney Silver a liar and deliberately misleading.[4]  In response to the Motion to Strike the Complaint as a SLAPP Lawsuit[5], Plaintiffs called Attorney Silver a liar and defamatory.[6]  And in response to the instant Motion, Plaintiffs call Attorney Silver's arguments meritless and particularly troubling.  Clearly, the parties are at odds with one another; and Plaintiffs' jabs at Attorney Silver are pointed, numerous, and show no sign of diminishing.

Notwithstanding the vitriol displayed by Plaintiffs, the focus on this dispute must remain with the allegations raised in Plaintiffs' Complaint, whether those claims asserted against Attorney Silver have any merit, and whether Plaintiffs' counsel adequately vetted those claims before filing the Complaint in this action.  Attorney Silver has submitted to the Court his well-founded belief that Plaintiffs' claims do not have any merit and were simply lodged as a strike at him for certain comments he made during a presentation Attorney Silver delivered at the May 24, 2018 Blockchain Law Summit in Los Angeles, California -- comments on numerous cryptocurrency lawsuits on which his law firm

---

[1] Docket Entry No. ("DE") 25 ("Plaintiffs' Opposition Memo").

[2] DE 18 (the "Motion for Sanctions").

[3] DE 15.

[4] DE 22.

[5] DE 17.

[6] DE 23.

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LEMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

was working, including a then-pending class action lawsuit under the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), against Nano f/k/a RaiBlocks ("NANO") and certain key members of NANO's core team of developers and executives, including COLIN LEMAHIEU.[7] Attorney Silver's presentation to the small audience of attendees was peppered with hypotheticals, conjecture as to the future of cryptocurrency litigation, and his opinions on how his clients were damaged and what would be the proper remedies for those clients.  Nothing he said about Plaintiffs during the conference is actionable as defamatory, despite the numerous ways in which Plaintiffs have attempted to manufacture such a claim.

In late-September 2018, the First NANO Lawsuit was settled; and the parties to that dispute memorialized their negotiated settlement in a Settlement Agreement that included within its terms a "Mutual General Release" that included, under its broad language, any and all claims Plaintiffs might have had against Attorney Silver at that time.[8]

In early-January 2019, a second class action lawsuit (the "Second NANO Lawsuit") was filed by Attorney Silver's law firm and his co-counsel Levi & Korsinsky, LLP on behalf of a different claimant harmed by the NANO core team's acts.[9]  At a very preliminary stage of the Second NANO Lawsuit -- and despite the broad release to which Plaintiffs had agreed in the earlier lawsuit -- Plaintiffs commenced this lawsuit against Attorney Silver.[10]  The timing is believed to be strategic, as Plaintiffs were (and still are) believed to be using this lawsuit to deter Attorney Silver from furthering his efforts on behalf of a putative class of investors harmed by the acts and omissions of NANO and its core team.

Attorney Silver has already presented to this Court in his motions his demonstration showing that Plaintiffs' lawsuit is frivolous, is presented in bad faith, and lacks both factual and legal support;

---

[7] *Brola v. Nano, et al.*, U.S. District Court - E.D.N.Y. - Case No: 1:18-cv-02049-NG-RML (the "First NANO Lawsuit").

[8] DE 15-2 at ¶ 6 and Exhibit "D" thereto.

[9] *Fabian v. Nano, et al.*, U.S. District Court - N.D. Cal. - Case No.: 4-19-cv-00054-YRG.  *See also*, DE 15-2 at ¶ 7 at Exhibit "E".

[10] Docket Entry No. ("DE") 1 ("Compl.").

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LEMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

Case No. 2:19-cv-04237-SVW-PJW

and he actually agrees with Plaintiffs that the Court need not be burdened with a reiteration of those arguments here.   Attorney Silver simply adopts the arguments raised in his Motion to Dismiss the Complaint and his Motion to Strike the Complaint as a SLAPP Lawsuit -- along with the arguments asserted in Attorney Silver's reply memoranda in furtherance thereof (which are filed simultaneously herewith) -- as if there were set forth herein; and he adds the following to address a few narrow points raised in Plaintiffs' opposition to the Motion for Sanctions.

## II.      ARGUMENT

### A.      Federal Rule of Civil Procedure 11 Warrants Sanctions against Plaintiffs and their Counsel In This Matter

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine: (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."[11]   It also allows for sanctions to be imposed against a party or its attorney for failing to engage in a reasonable inquiry to determine that the information presented to the court is true.[12]

### 1.      Plaintiffs' Complaint is Legally and Factually Baseless

As demonstrated with great detail in Attorney Silver's motion and reply papers, Plaintiffs' Complaint is both legally and factually baseless.  It is apparent that Attorney Silver's challenged statements are non-actionable because:

- The Mutual General Release agreed to by Plaintiffs absolutely bars Plaintiffs from asserting the claims they have brought against Attorney Silver;

- The statements made by Attorney Silver are protected by California's anti-SLAPP statute and are shielded by Cal. Civil Code § 47(b)'s litigation privilege.

---

[11] *Sharma v. National Enterps., Inc.*, 2009 WL 10675177, at *1 (C.D. Cal. Oct. 8, 2009).

[12] *See*, *e.g.*, *Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) (upholding Rule 11 sanctions entered against counsel).

3

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST: (1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LeMAHIEU AND (2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

- The statements made by Attorney Silver are true or are mere hypotheticals or statements of opinion.

- Plaintiffs have not pleaded any valid causes of action, as each of their claims is replete with legal and factual insufficiencies that renders their entire pleading meritless.

- Plaintiffs' Complaint was brought in bad faith as a way to chill Attorney Silver's valid exercise of the constitutional rights of freedom of speech and petition for the redress of the grievances of his clients.

Moreover, Plaintiffs accuse Attorney Silver of having said things at the Blockchain Law Summit that he never actually said[13]; and in their Complaint, Plaintiffs present intentionally out-of-context statements by Attorney Silver that misrepresent not only what Attorney Silver said but also distort the manner in which they were said.[14]  Plaintiffs' misrepresentative assertion of what they have cast in their Complaint as "facts" is objectively unreasonable, demonstrates the bad faith under which they are traveling, and warrants an award of sanctions against them.

### 2. Plaintiffs' Counsel Failed to Conduct a Reasonable and Competent Inquiry before Signing and Filing the Complaint

With regard to the request in the Motion for Sanctions that Plaintiffs' counsel (Ryan M. Lapine, Esq., Joshua H. Herr, Esq., and the law firm of Pierce, Rosenfeld, Meyer & Sussman, LLP) likewise be sanctioned for failing to conduct a reasonable and competent inquiry into the bases of Plaintiffs' claims before preparing, signing, and filing the Complaint, Plaintiffs offer little response in their

---

[13] For example, at no point during his presentation did Attorney Silver ever mention the NANO FOUNDATION, LTD.  Moreover, Plaintiffs falsely allege that Attorney Silver publicly accused them of a crime (which he did not) and said that COLIN LeMAHIEU was facing pending criminal charges or a prison sentence (which he did not).

[14] Plaintiffs purposefully omit from their Complaint the entire reason why Attorney Silver was speaking at the Blockchain Law Summit: to speak, from an attorney's perspective, on the emerging field of cryptocurrency litigation by discussing several of the lawsuits Attorney Silver's law firm had handled and was handling at the time of his presentation (including the First NANO Lawsuit); and to speculate on how that field, and some of his cases, might develop in the future.  When put in their proper context, Attorney Silver's comments are objectively understood far differently from the manner in which Plaintiffs have falsely presented them.

---

4

Opposition Memo beyond Plaintiffs' counsel submitting a declaration in which he presents a conflicting version of the pre-filing, "meet and confer" discussion one of Attorney Silver's attorneys had with Plaintiffs' counsel.[15]   Notwithstanding Plaintiffs' counsel's attempt to re-cast that conversation, it remains objectively unreasonable for Plaintiffs' counsel to have, *inter alia*, "*reviewed a video of the offending speech*" (as he alleges in his declaration) yet still include in the Complaint numerous factual allegations attributing to Attorney Silver statements that Attorney Silver did not make during that "offending speech."

Perhaps most offensive in incompetent due diligence prior to filing the Complaint, though, is Plaintiffs' counsel Ryan M. Lapine, Esq.'s concession that he was unaware that when the parties to the First NANO Lawsuit -- including COLIN LEMAHIEU and his Nano corporate alter ego -- resolved that putative class action, they entered into the Settlement Agreement that included a "Mutual General Release."[16]   It is objectively unreasonable for Plaintiffs' counsel to have failed to inquire of his/its client whether resolution of the $170 million putative class action lawsuit (*i.e.*, the First NANO Lawsuit) included a settlement agreement or a release of any claims related thereto -- a release that would outright bar the claims Plaintiffs' counsel filed for Plaintiffs in this newly-filed lawsuit.

Whatever inquiry counsel purportedly engaged in "to determine that the information presented to the court is true" was clearly inadequate, and their failure to engage in a reasonable investigation before filing the Complaint -- which would have spared Attorney Silver from being assailed with multiple false and legally unsound allegations -- warrants an award of sanctions against them.

---

[15] Compare DE 18-2 and DE 25-1.

[16] *See* DE 18-2.

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST:
(1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LEMAHIEU AND
(2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and
PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP

Case No. 2:19-cv-04237-SVW-PJW

**III.     CONCLUSION**

For all the foregoing reasons, as well as those set forth in his Motion for Sanctions, Defendant DAVID C. SILVER, an individual, respectfully requests that the Court enter of an Order:

(a)   imposing sanctions pursuant to Fed.R.Civ.P. 11 in the form of an award to DAVID C. SILVER of reasonable attorneys' fees and costs to be jointly and severally assessed upon and paid by Plaintiffs NANO FOUNDATION, LTD. and COLIN LeMAHIEU and their counsel, Ryan M. Lapine, Esq., Joshua H. Herr, Esq., and the law firm of Pierce, Rosenfeld, Meyer & Sussman, LLP; and

(b)   awarding such other relief as the Court deems just and proper

Respectfully submitted,

By:  /s/ Brandon S. Reif
Brandon S. Reif, Esq. (State Bar No. 214706)
E-Mail: BReif@ReifLawGroup.com
**REIF LAW GROUP, P.C.**
1925 Century Park East - Suite 1700
Los Angeles, California 90067
Telephone: (310) 494-6500

F. Jason Seibert, Esq.
  (*Pro Hac Vice application forthcoming*)
E-Mail: Jason@seibert-law.com
**SEIBERT LAW**
6007 Greenway Manor Lane
Spring, Texas 77373
Telephone: (971) 235-5764

*Attorneys for Defendant David C. Silver*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   22nd   day of July 2019 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **RYAN M. LAPINE, ESQ. and JOSHUA H. HERR, ESQ.**, PIERCE ROSENFELD, MEYER & SUSSMAN, LLP, *Counsel for Plaintiffs*, 232 North Canon Drive, Beverly Hills, CA 90210-5302; E-mail: RLapine@rmslaw.com; JHerr@rmslaw.com.

 /s/ Brandon S. Reif
BRANDON S. REIF

6

DEFENDANT DAVID C. SILVER'S REPLY MEMORANDUM OF POINTS &
AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR ATTORNEYS' FEES AND
SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AGAINST:
(1) PLAINTIFFS NANO FOUNDATION, LTD. and COLIN LeMAHIEU AND
(2) RYAN M. LAPINE, ESQ., JOSHUA H. HERR, ESQ., and
PIERCE, ROSENFELD, MEYER & SUSSMAN, LLP