UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04237-SVW-PJW | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Nano Foundation, Ltd. and Colin LeMahieu v. David C. Silver* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING DEFENDANT'S MOTION TO DISMISS [15] AND DEFENDANT'S MOTION FOR SANCTIONS [18], AND ORDERING DISCOVERY ON DEFENDANT'S ANTI-SLAPP SPECIAL MOTION TO STRIKE [17] AND THE PLEADINGS

David C. Silver ("Defendant") has motioned this Court to dismiss the complaint, Dkt. 15, strike the complaint pursuant to California's law barring strategic lawsuits against public participation ("anti-SLAPP"), Dkt. 17, and impose sanctions pursuant to Federal Rule of Civil Procedure 11 on the Nano Foundation, Ltd. and Colin LaMahieu ("Plaintiffs"), and their Counsel. Dkt. 18. For the reasons set forth below, the Court DENIES Defendant's motion to dismiss and motion for sanctions, and ORDERS DISCOVERY on Defendant's anti-SLAPP motion to strike and the remaining claims.

**I.   Factual Background**

The Defendant attended the Blockchain Law Summit ("Summit") in Los Angeles, California on May 24, 2018, and gave a presentation where he discussed the Plaintiffs. Dkt. 1 at 2. The Plaintiffs allege that statements the Defendant made during his presentation were false and defamatory, and that they have harmed the Plaintiffs' reputation "within their industry and among their peers." Dkt. 1 at 2 ¶¶ 10-16. The allegedly defamatory statements were later published on YouTube. *Id.* ¶¶ 3-6.

Previously, the Defendant acted as plaintiff's counsel in a lawsuit (the "Nano litigation") against "NANO f/k/a RAIBLOCKS f/k/a HIEUSYS, LLC, a Texas company ('NANO')," and "certain key

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04237-SVW-PJW | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Nano Foundation, Ltd. and Colin LeMahieu v. David C. Silver* | | |

members" of NANO, including one of the current Plaintiffs, Colin LeMahieu. Dkt. 15 at 2. At the time of the allegedly defamatory statements, the Nano litigation was ongoing. Dkt. 15 at 3.

In September 2018, the Nano litigation was concluded with a Settlement Agreement ("Agreement"). Dkt. 15 at 4. The Agreement included a Mutual General Release clause ("Release"), which Defendant claims is applicable to himself and his statements at the Summit. Dkt. 15 at 4-5. In their complaint, the Plaintiffs enumerate the allegedly defamatory statements, Dkt. 1 at 8-12, and contend that the Release does not encompass the Defendant or his statements. Dkt. 29 at 9.

### II.     Motion to Dismiss

After reviewing the pleadings and hearing oral arguments, this Court has concluded the Plaintiffs' complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The issues raised by the parties are best addressed on summary judgment. The motion to dismiss is therefore DENIED.

### III.    Special Motion to Strike Pursuant to California Code of Civil Procedure 425.16.

California Code of Civil Procedure 425.16 allows a defendant to file a special motion to strike certain claims against him or her if the claims arise "from any act of [the defendant] in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b). Although it is a California rule, the Ninth Circuit has held "California's anti-SLAPP statute. . . supplements rather than conflicts with the Federal Rules." *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1182 (9th Cir. 2013). Therefore Cal. Civ. Proc. Code § 425.16(b) is applicable in federal cases premised on diversity jurisdiction. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

The California Supreme Court has held that deciding an anti-SLAPP motion to strike "requires the court to engage in a two-step process." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). First, "the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id.* Second, "[i]f the court finds such as showing has been made, it then determines whether the plaintiff has demonstrated probability of prevailing on the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04237-SVW-PJW | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Nano Foundation, Ltd. and Colin LeMahieu v. David C. Silver* | | |

claim." *Id*. This process has been adopted by the Ninth Circuit. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010).

The Ninth Circuit has also recently clarified the procedural framework for considering an Anti-SLAPP motion:

> When an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply.

*Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834-35 (9th Cir. 2018). If a defendant uses the anti-SLAPP procedure to challenge the factual sufficiency of a plaintiff's claim, under Federal Rule of Civil Procedure 56, "discovery must be allowed. . .before any decision is made by the court." *Id.*

The Plaintiffs argue that this Defendant has challenged both the legal and factual sufficiency of the Plaintiffs' complaint, and *Planned Parenthood* therefore prevents this Court from deciding on the anti-SLAPP motion until discovery has been allowed. Dkt. 28 at 9-10. The Defendant's reply in further support of his special motion to strike does not address *Planned Parenthood* directly, but it does argue that "the Complaint is both legally and factually ill-supported." Dkt. 33 at 1 ¶¶ 6-8. The Defendant also contends, among other assertions, that his statement regarding whether Nano was "an alternative coin. . . was a truthful statement. . ." Dkt. 33 at 5 ¶¶ 7-9. This is enough to challenge the factual sufficiency of the Plaintiffs' complaint, and we cannot adequately conduct the analysis required under *Equilon* without further consideration under Federal Rule of Civil Procedure 56. The Court needs more information to adequately address even the first prong of the *Equilon* test.

Because we cannot yet say whether Defendant's statements constitute defamation as a matter of law, and because the Defendant has challenged both the legally and factually sufficiency of the complaint, we cannot grant the motion to strike. The resolution of the anti-SLAPP motion is inextricably bound to the resolution of the underlying complaint, so discovery must proceed on all issues except the Defendant's motion for sanctions.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04237-SVW-PJW | Date | August 20, 2019 |
|---|---|---|---|
| Title | *Nano Foundation, Ltd. and Colin LeMahieu v. David C. Silver* | | |

It is inappropriate to grant the Defendant's motion to strike at this time, and the Court therefore orders DISCOVERY on Defendant's anti-SLAPP motion to strike and the remaining claims.

### IV.  Motion for Sanctions Under Federal Rule of Civil Procedure 11

The Defendant has also motioned for sanctions. Dkt. 18. To impose sanctions, "the district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

The Defendant claims that the Plaintiffs' suit has no evidentiary support, Dkt. 18 at 19-21, and that Plaintiffs' counsel failed to inquire into the existence of the relevant Settlement Agreement. Dkt. 18 at 22. Defendant claims "even the most cursory legal inquiry would have revealed the existence of the Settlement Agreement and release. . ." and that Plaintiffs' Counsel has therefore "failed to conduct an adequate investigation before filing the complaint." *Id.*

Plaintiffs have pleaded at minimum both a legal and factual basis for their claim and have demonstrated a "cursory legal inquiry" into the matter. *Id.* As discussed above, the Plaintiffs describe the allegedly defamatory statements in detail, and contend that neither Defendant nor his statements are within the purview of the Release. Dkt. 1 at 8-12; Dkt. 29 at 9.

The Court therefore concludes sanctions are inappropriate, and the motion for sanctions is DENIED.

### V.  Conclusion

For the reasons set forth above, the Court denies Defendant's motion to dismiss and Defendant's motion for sanctions under Federal Rule of Civil Procedure 11. Discovery is ordered on all issues except the Defendant's motion for sanctions.

A JURY TRIAL is hereby ordered, with a trial date set for Tuesday December 17, 2019 at 9 a.m., with pre-trial on Monday December 9, 2019 at 3 p.m.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |