1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                           ---

4         HONORABLE STEPHEN V. WILSON, JUDGE PRESIDING

5                           ---

6

7

8   **NANO FOUNDATION**, LTD., a New York      )
    Nonprofit corporation; and                )
9   **COLIN LEMAHIEU**, an individual;          )
                                              )
10                                            )
                                              )
11     Plaintiffs/Counter-Defendants,         )
                                              )No. 19-04237SVW
12            VS.                              )
                                              )
13  **DAVID SILVER**, et al.,                   )
                                              )
14                                            )
        Defendant/Counter-Plaintiff.          )
15  _____)

16

17              Reporter's Transcript of Proceedings
                        Motion Hearing
18                   Los Angeles, California
                   **MONDAY, AUGUST 12, 2019**
19                        2:00 P.M.

20

21

22

23              ANNE KIELWASSER, CRR, RPR, CSR
                Federal Official Court Reporter
24              350 West First Street, Suite 4455
                Los Angeles, California 90012
25                Telephone: (213) 894-2969
                    anne.kielwasser@gmail.com

```
 1                    A P P E A R A N C E S

 2

 3
        ON BEHALF OF NANO FOUNDATION and COLIN LEMAHIEU:
 4
        Ryan M Lapine
 5      Diamond McCarthy LLP
        333 South Hope Street
 6      18th Floor
        Los Angeles, CA 90071
 7      424-278-2335
        Fax:  424-278-2339
 8      E-mail:  Ryan.lapine@diamondmccarthy.com

 9

10

11

12

13      ON BEHALF OF THE DEFENDANT DAVID SILVER:

14
        F Jason Seibert
15      Seibert Law
        6007 Greenway Manor Lane
16      Spring, TX 77373
        971-235-5764
17      E-mail:  Jason@seibert-law.com

18
        Lisa Marie Foutch
19      Reif Law Group PC
        1925 Century Park East Suite 1700
20      Los Angeles, CA 90067
        310-957-2249
21      Fax:  424-254-2722
        E-mail:  Lfoutch@reiflawgroup.com

22

23

24

25
```

|          |    |                                                                    |
|----------|----|--------------------------------------------------------------------|
|          | 1  | MONDAY, AUGUST 12, 2019                         2:09 P.M.           |
|          | 2  | ~ ~ ~                                                              |
|          | 3  | P R O C E E D I N G S                                              |
| 14:09:29 | 4  | ~ ~ ~                                                              |
| 14:09:29 | 5  | COURT CLERK:  Calling Item No. 8.  CV 19-4237-SVW.                 |
| 14:10:17 | 6  | Nano Foundation, et al., versus David C. Silver.                   |
| 14:10:21 | 7  | Counsel, can I have your appearance, please?                       |
| 14:10:24 | 8  | MR. LAPINE:  Good afternoon, Your Honor.  Ryan                     |
| 14:10:26 | 9  | Lapine of Diamond McCarthy for plaintiff Nano Foundation and       |
| 14:10:31 | 10 | Colin LeMahieu.                                                    |
| 14:10:33 | 11 | MR. SEIBERT:  Good afternoon.  Jason Seibert, FJ                   |
| 14:10:37 | 12 | Seibert LLC for David Silver, defendant.                           |
| 14:10:41 | 13 | MS. FOUTCH:  Lisa Foutch, Reif Law Group for David                 |
| 14:10:48 | 14 | Seibert, defendant.                                                |
| 14:10:56 | 15 | THE COURT:  Putting aside the --                                   |
| 14:10:57 | 16 | Well, let's get to the -- to the motion to                         |
| 14:11:01 | 17 | dismiss first.  The Court's understanding is that there was a      |
| 14:11:08 | 18 | Securities Act case brought against Nano, and that Attorney        |
| 14:11:20 | 19 | Silver represented the plaintiff, and that case was resolved       |
| 14:11:27 | 20 | with a release that -- and a settlement, including a               |
| 14:11:38 | 21 | confidentiality clause, and that this case stems from the          |
| 14:11:42 | 22 | alleged breach of that confidentiality clause by Attorney          |
| 14:11:56 | 23 | Silver.                                                            |
| 14:11:56 | 24 | MR. LAPINE:  That is not correct, Your Honor.                      |
| 14:11:58 | 25 | This case involves statements that Attorney                        |

| | |
|---|---|
| 14:12:02 | 1 |

Silver made at a conference, having nothing to do with that

line 2: case, involving --

THE COURT:  I didn't say it had anything to do with the case.  I said there was a confidentiality agreement, and that the breach alleged here was that he breached the confidentiality clause.  Am I not correct?

MR. LAPINE:  No, that's not correct at all, Your Honor.

THE COURT:  Well, what is correct?

MR. LAPINE:  This case alleges that he made statements that Colin LeMahieu participated in a criminal exit scam, that he divorced his wife because he decided he was better than her because he had money --

THE COURT:  One moment.  Is the issue whether this statement was encompassed by the confidentiality clause or not?  What are you --

MR. LAPINE:  And --

THE COURT:  Just one moment.  Hold back.

What is your name?

MR. LAPINE:  Ryan Lapine, Your Honor.

THE COURT:  Just relax.

MR. LAPINE:  I will, Your Honor.

THE COURT:  What is your position?

MR. SEIBERT:  Your Honor, the -- the case brought by the plaintiff was brought for statements that were made

| | | |
|---|---|---|
| 14:13:05 | 1 | during litigation. |
| 14:13:06 | 2 | **THE COURT:** I -- |
| 14:13:08 | 3 | Wait one minute now. You're -- you're |
| 14:13:11 | 4 | getting to the -- to the anti-SLAPP issue. |
| 14:13:15 | 5 | **MR. SEIBERT:** No, sir, I'm not. |
| 14:13:17 | 6 | **THE COURT:** I'm just asking you -- |
| 14:13:19 | 7 | This is a fundamental question. There was a |
| 14:13:22 | 8 | confidentiality agreement as part of the settlement, correct? |
| 14:13:25 | 9 | **MR. SEIBERT:** No, Your Honor. |
| 14:13:26 | 10 | **THE COURT:** There was not? |
| 14:13:26 | 11 | **MR. SEIBERT:** That's not relevant to this case |
| 14:13:28 | 12 | here. |
| 14:13:28 | 13 | **THE COURT:** Well, then -- |
| 14:13:29 | 14 | **MR. SEIBERT:** Let me say this differently. Yes, |
| 14:13:31 | 15 | there was a confidentiality agreement; however, the complaint |
| 14:13:33 | 16 | by plaintiffs is not that Mr. Silver breached that |
| 14:13:36 | 17 | confidentiality agreement. |
| 14:13:38 | 18 | **THE COURT:** So, it's just a pure defamation case, |
| 14:13:41 | 19 | then. |
| 14:13:42 | 20 | **MR. SEIBERT:** The defense of Mr. Silver is that |
| 14:13:44 | 21 | those statements that he made were released by plaintiffs |
| 14:13:47 | 22 | when they signed a general mutual release. That's why the |
| 14:13:51 | 23 | settlement agreement is subject matter. It's a defense that |
| 14:13:55 | 24 | this case should be barred based on the release. |
| 14:13:58 | 25 | **THE COURT:** Based upon -- |

| | | |
|---|---|---|
| 14:13:59 | 1 | **MR. SEIBERT:** Mutual general release between the |
| 14:14:02 | 2 | parties. |
| 14:14:02 | 3 | **THE COURT:** I see. So, I misspoke when I said it |
| 14:14:06 | 4 | was part of the confidentiality agreement, but the contention |
| 14:14:08 | 5 | is that it was covered by the mutual release. |
| 14:14:12 | 6 | **MR. SEIBERT:** That's the defense's position; yes, |
| 14:14:14 | 7 | Your Honor. |
| 14:14:15 | 8 | **THE COURT:** And, I mean, it -- it -- |
| 14:14:19 | 9 | The analysis is still whether the statements |
| 14:14:24 | 10 | were within the scope of the release, correct? |
| 14:14:27 | 11 | **MR. SEIBERT:** We say that it is -- |
| 14:14:30 | 12 | **THE COURT:** I didn't ask you what your position |
| 14:14:32 | 13 | was. I asked you whether that's the dispute. Is the dispute |
| 14:14:38 | 14 | within that scope? Is it? |
| 14:14:41 | 15 | **MR. SEIBERT:** I can't answer in short words, Your |
| 14:14:46 | 16 | Honor. |
| 14:14:47 | 17 | **THE COURT:** Then, I'm going to pass on this for |
| 14:14:48 | 18 | the moment and get to the next case. You may be seated in |
| 14:14:51 | 19 | the gallery until I have a chance to explore this further |
| 14:14:55 | 20 | with you. |
| 14:14:55 | 21 | **MR. SEIBERT:** Very good. Thank you, Your Honor. |
| 14:14:59 | 22 | (Pause in proceedings.) |
| 15:34:52 | 23 | COURT CLERK: Calling Item No 8. CV 19-4237-SVW. |
| 15:35:05 | 24 | Nano Foundation, et al., versus David C. Silver. |
| 15:35:10 | 25 | Counsel, your appearances again? |

UNITED STATES DISTRICT COURT

| | |
|---|---|
| 15:35:13 | 1 |
| 15:35:17 | 2 |
| 15:35:17 | 3 |
| 15:35:19 | 4 |
| 15:35:20 | 5 |
| 15:35:24 | 6 |
| 15:35:31 | 7 |
| 15:35:35 | 8 |
| 15:35:44 | 9 |
| 15:35:51 | 10 |
| 15:36:02 | 11 |
| 15:36:09 | 12 |
| 15:36:21 | 13 |
| 15:36:28 | 14 |
| 15:36:31 | 15 |
| 15:36:32 | 16 |
| 15:36:36 | 17 |
| 15:36:37 | 18 |
| 15:36:39 | 19 |
| 15:36:42 | 20 |
| 15:36:47 | 21 |
| 15:36:49 | 22 |
| 15:36:53 | 23 |
| 15:36:57 | 24 |
| 15:36:58 | 25 |

1   **MR. SEIBERT:**  Good afternoon again.  Jason Seibert

2   for defendant, Attorney David Silver.

3   **MR. LAPINE:**  Ryan Lapine of Diamond McCarthy for

4   plaintiffs.

5   **MS. FOUTCH:**  Good afternoon.  Lisa Foutch, Reif

6   Law Group for defendant, David Silver.

7   **THE COURT:**  Okay, we started to discuss the

8   motion, and now we're back at it.  And I was corrected that

9   the issue -- or at least one of the issues -- is not whether

10   there was a breach of a confidentiality clause but whether

11   what Attorney Silver said, accepting for the moment that it

12   was defamatory, was not actionable, because it was covered by

13   the settlement and release.  Okay, so, that is more properly

14   the focus, correct?

15   **MR. SEIBERT:**  That is correct.

16   **THE COURT:**  And so, now, you're representing

17   Silver, correct?

18   **MR. SEIBERT:**  That's correct, defense.

19   **THE COURT:**  Now, is your position that what he

20   said was not defamatory?  Did we get that far?

21   **MR. SEIBERT:**  That's correct, Your Honor.  So, if

22   we can lay out the three steps, what he said regardless of

23   whether it was defamatory or not, that claim was barred by

24   the settlement agreement.

25   **THE COURT:**  And how -- and -- and what was in the

UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| 15:37:01 | 1 | settlement agreement -- |
| 15:37:03 | 2 | MR. SEIBERT:  A general mutual release. |
| 15:37:05 | 3 | THE COURT:  And that's part of the California |
| 15:37:08 | 4 | Civil Code that there has been a lot of litigation about, |
| 15:37:11 | 5 | correct? |
| 15:37:12 | 6 | MR. SEIBERT:  I can't speak to the |
| 15:37:14 | 7 | California Civil -- |
| 15:37:15 | 8 | THE COURT:  Well, was it a California Civil Code |
| 15:37:17 | 9 | or some other settlement? |
| 15:37:20 | 10 | But, I mean, generally, in my experience with |
| 15:37:26 | 11 | business cases, the parties cite, and I can't remember the |
| 15:37:29 | 12 | code section, but it's one of those sections that lawyers in |
| 15:37:35 | 13 | state court can roll off their tongues without hesitation. |
| 15:37:41 | 14 | MR. SEIBERT:  The settlement agreement was under |
| 15:37:43 | 15 | the jurisdiction of the State of New York, Your Honor. |
| 15:37:45 | 16 | THE COURT:  Oh, it was New York. |
| 15:37:46 | 17 | MR. SEIBERT:  Yeah. |
| 15:37:47 | 18 | THE COURT:  It isn't California. |
| 15:37:48 | 19 | And how broad is the settlement agreement? |
| 15:37:51 | 20 | MR. SEIBERT:  Well, if I may -- |
| 15:37:53 | 21 | THE COURT:  Yes.  And it contains this release. |
| 15:37:58 | 22 | MR. SEIBERT:  I do have a copy. |
| 15:38:00 | 23 | THE COURT:  Just tell me the most quotient part. |
| 15:38:03 | 24 | MR. SEIBERT:  Sure.  It's so broad that it's |
| 15:38:06 | 25 | actually entitled Mutual General Release. |

15:38:09  1        **THE COURT:**  Okay.  And -- but how --

15:38:12  2              Why would you argue --

15:38:14  3              Now, I'm assuming, just for the sake of

15:38:18  4   argument, that Silver defamed your -- defamed the

15:38:26  5   plaintiff -- just for the sake of argument.

15:38:26  6        **MR. SEIBERT:**  Sure.

15:38:28  7        **THE COURT:**  And that except for this settlement

15:38:30  8   and release, there would be a plausible claim for a

15:38:37  9   defamation.  So, what is it in this -- in this release that

15:38:46 10   you claim covers defamation?

15:38:55 11        **MR. SEIBERT:**  Oh, I'm sorry.  I need to put on my

15:38:57 12   reading glasses.

15:39:00 13        **THE COURT:**  Okay.

15:39:04 14        **MR. SEIBERT:**  So, under the Mutual General

15:39:07 15   Release, all parties release each other, including agents,

15:39:12 16   accountants, executives, directors of any claim that they may

15:39:16 17   have from the beginning of time until the signing of the

15:39:18 18   agreement.

15:39:19 19        **THE COURT:**  But this -- this -- these comments,

15:39:22 20   weren't they made after the signing of the agreement?

15:39:25 21        **MR. SEIBERT:**  No, Your Honor, before.

15:39:26 22        **THE COURT:**  I see.  Well, I misunderstood that.

15:39:29 23   That's important.

15:39:31 24              So, you're saying that the -- that when

15:39:34 25   Silver spoke at some meeting of some kind, this was before

|         |    |                                                          |
|---------|----|----------------------------------------------------------|
| 15:39:49 | 1 | the settlement and release was signed. |
| 15:39:50 | 2 | **MR. SEIBERT:**  That's correct, Your Honor. |
| 15:39:50 | 3 | **THE COURT:**  I see. |
| 15:39:51 | 4 | **MR. SEIBERT:**  So, that was during the active class |
| 15:39:53 | 5 | action litigation that my client was representing at the |
| 15:39:56 | 6 | time -- |
| 15:39:56 | 7 | **THE COURT:**  And then maybe my focus should be with |
| 15:39:59 | 8 | the plaintiff. |
| 15:39:59 | 9 | How do you get around that settlement |
| 15:40:02 | 10 | agreement? |
| 15:40:02 | 11 | **MR. LAPINE:**  Yeah, explicitly excluded him. |
| 15:40:05 | 12 | Your Honor, with due respect -- |
| 15:40:05 | 13 | **THE COURT:**  Move over to the -- |
| 15:40:05 | 14 | **MR. LAPINE:**  Of course. |
| 15:40:11 | 15 | First of all, Mr. Silver was not a signor to |
| 15:40:13 | 16 | the settlement agreement under New York law.  It does not |
| 15:40:14 | 17 | bind him or affect him or release him unless there is |
| 15:40:17 | 18 | explicit language within the release that addresses him. |
| 15:40:20 | 19 | Now, I want to read what the Release actually |
| 15:40:23 | 20 | says which is very different than what counsel says.  It |
| 15:40:26 | 21 | says:  "Each party hereby remises, releases, acquits, |
| 15:40:31 | 22 | satisfies and forever discharges each other party" -- which |
| 15:40:35 | 23 | is not him -- "including" and it's bifurcated -- "with regard |
| 15:40:40 | 24 | to each party who is a natural person, that parties' |
| 15:40:43 | 25 | guardians, successors, assigns, heirs, executors |

15:40:46   1   administrators, trustees, accountants and insurers."  None of

15:40:47   2   which Mr. Silver is.  He represented a natural person.

15:40:52   3              It went on:  "And with regard to each party

15:40:55   4   which is not a natural person, each such party's past and

15:41:00   5   present parent, subsidiary, affiliated, related or

15:41:04   6   predecessor entities, their successors and assigns and any

15:41:08   7   and all of each such party's past and present officers,

15:41:11   8   directors, agents" -- that's where he's getting the word --

15:41:13   9   "accountants, insurers, servants, employees, shareholders,

15:41:17   10  members and partners.  That agent's only response relates to

15:41:20   11  each party, which is not a natural person."

15:41:23   12             In this case Mr. Silver represented Alex

15:41:25   13  Brola.  He's a natural person.

15:41:27   14        **THE COURT:**  That was the plaintiff in the

15:41:29   15  Securities case.

15:41:30   16        **MR. LAPINE:**  Absolutely.  So, the language that

15:41:31   17  they rely on in their entire brief is the release language in

15:41:36   18  the bifurcated release that relates to each party --

15:41:38   19        **THE COURT:**  I don't know why you're -- you're so

15:41:40   20  hyper.

15:41:41   21        **MR. LAPINE:**  I can explain.

15:41:43   22        **THE COURT:**  Don't.  I'm trying to digest the

15:41:46   23  arguments, and I realize you're an advocate, and you're doing

15:41:52   24  your best for your client, but you would be best served --

15:41:56   25  your client will be best served by educating me.  And if

| | | |
|---|---|---|
| 15:42:01 | 1 | you're excited, you distract me.  And when I'm distracted, I |
| 15:42:06 | 2 | can't think as clearly.  So keep that in mind. |
| 15:42:08 | 3 | **MR. LAPINE:**  I apologize, Your Honor. |
| 15:42:10 | 4 | **THE COURT:**  Now, go back and make your argument. |
| 15:42:12 | 5 | **MR. LAPINE:**  The argument is the release language |
| 15:42:14 | 6 | that counsel and Mr. Silver rely on is part of a bifurcated |
| 15:42:19 | 7 | release that relates to -- |
| 15:42:20 | 8 | **THE COURT:**  What about the agent? |
| 15:42:20 | 9 | **MR. LAPINE:**  That's the only -- |
| 15:42:21 | 10 | **THE COURT:**  That seemed to be the -- a point that |
| 15:42:29 | 11 | was the focus.  Is, is Silver an agent within the meaning of |
| 15:42:34 | 12 | that release? |
| 15:42:36 | 13 | **MR. LAPINE:**  Well, number one, he's not; and |
| 15:42:39 | 14 | number two, it's only the agents of parties who are not a |
| 15:42:41 | 15 | natural person.  He didn't represent "not a natural person." |
| 15:42:45 | 16 | So, whether the agent applies to him or not -- |
| 15:42:48 | 17 | **THE COURT:**  Who do you represent? |
| 15:42:51 | 18 | **MR. LAPINE:**  Alex Brola, a natural person. |
| 15:42:52 | 19 | **THE COURT:**  Oh, I see.  The release was:  Only a |
| 15:42:54 | 20 | party who is not a natural person. |
| 15:42:56 | 21 | **MR. LAPINE:**  The "agent" language is only to the |
| 15:42:56 | 22 | party that's not a natural person. |
| 15:42:58 | 23 | **THE COURT:**  And so he represented a person who was |
| 15:43:05 | 24 | the plaintiff in the class action litigation, right? |
| 15:43:08 | 25 | **MR. LAPINE:**  Right.  And with respect to such |

| | |
|---|---|
| 15:43:10 | 1 |
| 15:43:15 | 2 |
| 15:43:20 | 3 |
| 15:43:24 | 4 |
| 15:43:26 | 5 |
| 15:43:29 | 6 |
| 15:43:33 | 7 |
| 15:43:33 | 8 |
| 15:43:36 | 9 |
| 15:43:41 | 10 |
| 15:43:47 | 11 |
| 15:43:49 | 12 |
| 15:43:52 | 13 |
| 15:43:56 | 14 |
| 15:43:58 | 15 |
| 15:44:01 | 16 |
| 15:44:04 | 17 |
| 15:44:07 | 18 |
| 15:44:09 | 19 |
| 15:44:13 | 20 |
| 15:44:15 | 21 |
| 15:44:18 | 22 |
| 15:44:21 | 23 |
| 15:44:23 | 24 |
| 15:44:25 | 25 |

parties that are natural persons, the release only releases their guardian, their successor, their assigned, their heir, their executor, their administrator, their trustee, their accountant and their insurer, none of which he is, none of which he argues he is.  And that was done deliberately because these statements were made in May.  This release was entered into in October.

**THE COURT:**  So, in other words, you are arguing that these statements that your client -- that the plaintiff was aware of these statements at the time?

**MR. LAPINE:**  Well, I don't know if Alex Brola was or wasn't, because he was the plaintiff.  I don't know what he was aware of.  But Peter Scoolidge who was counsel for Nano Foundation in this lawsuit who negotiated and drafted the settlement agreement was aware of these statements, and that's why it's a bifurcated settlement agreement, because we anticipated this argument, we anticipated that Mr. Silver would come in and say:  The agent language releases me.

And so with respect to parties who are not a natural person, it does not release agents.

**THE COURT:**  So, are you arguing --

What was the name of that lawyer?

**MR. LAPINE:**  Peter Scoolidge.

**THE COURT:**  Scoolidge.  And Scoolidge was the lawyer for -- for the -- for which company?  Which entity?

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
| 15:44:30 | 1  | **MR. LAPINE:**  I believe he was the lawyer for Nano        |
| 15:44:33 | 2  | Foundation in that lawsuit.  It's -- he drafted this         |
| 15:44:36 | 3  | Agreement.                                                   |
| 15:44:37 | 4  | **THE COURT:**  And you're saying that at the time           |
| 15:44:46 | 5  | Scoolidge, at the of the time of the agreement, and the      |
| 15:44:51 | 6  | release Scoolidge was aware that Silver had made these       |
| 15:44:55 | 7  | statements.                                                  |
| 15:44:58 | 8  | **MR. LAPINE:**  Yes.                                         |
| 15:44:59 | 9  | **THE COURT:**  And how would that be established?           |
| 15:45:01 | 10 | **MR. LAPINE:**  Peter Scoolidge can testify to that.        |
| 15:45:04 | 11 | **THE COURT:**  And who was representing the --              |
| 15:45:12 | 12 | And were you representing the class action                   |
| 15:45:19 | 13 | plaintiff in that case?                                       |
| 15:45:20 | 14 | **MR. SEIBERT:**  No, Your Honor, that was Mr. Silver        |
| 15:45:22 | 15 | who was the attorney.                                        |
| 15:45:23 | 16 | **THE COURT:**  Oh, Silver.  Right.  So, what did --         |
| 15:45:27 | 17 | what --                                                      |
| 15:45:29 | 18 | Was there some writing to that effect, or is                 |
| 15:45:31 | 19 | it just a matter of who said what to whom?                   |
| 15:45:39 | 20 | **MR. LAPINE:**  A writing of --                             |
| 15:45:40 | 21 | **THE COURT:**  Of why the release was drafted.             |
| 15:45:45 | 22 | It seems to conspicuously omit lawyers                       |
| 15:45:50 | 23 | because it did, as I remember it, include accountants.       |
| 15:45:55 | 24 | **MR. LAPINE:**  It did include accountants, and it          |
| 15:45:58 | 25 | included counsel in Section 6 which is of the same Agreement,|

| | |
|---|---|
| 15:46:01 | 1 |
| 15:46:04 | 2 |
| 15:46:07 | 3 |
| 15:46:11 | 4 |
| 15:46:16 | 5 |
| 15:46:17 | 6 |
| 15:46:19 | 7 |
| 15:46:22 | 8 |
| 15:46:25 | 9 |
| 15:46:29 | 10 |
| 15:46:32 | 11 |
| 15:46:35 | 12 |
| 15:46:39 | 13 |
| 15:46:42 | 14 |
| 15:46:43 | 15 |
| 15:46:43 | 16 |
| 15:46:45 | 17 |
| 15:46:56 | 18 |
| 15:47:01 | 19 |
| 15:47:05 | 20 |
| 15:47:06 | 21 |
| 15:47:09 | 22 |
| 15:47:12 | 23 |
| 15:47:13 | 24 |
| 15:47:17 | 25 |

the confidentiality clause.  And if you look at that, the confidentiality clause says:  "These statements by the Nano parties shall not entitle Brola, his agents, representatives, employees and counsel to a response of any kind other than 'no comment.'"

So, it uses "counsel" elsewhere.  It intentionally didn't use "counsel" in the release, and it bifurcated the release.  So that for parties that are not natural parties, like Nano Foundation, it released their agents.  For parties that were natural parties, like Mr. Brola, who is the only person Mr. Silver represented, it didn't release counsel, it didn't release agents.

THE COURT:  Let me ask you this.  This is a motion to dismiss.

MR. LAPINE:  Yes.

THE COURT:  On a motion to dismiss, the Court can only consider the pleading or documents that are pendant to the pleading or matters that the Court could take judicial notice of.  Are some of the arguments you're making beyond the pleadings?

MR. LAPINE:  The entire release is beyond their pleadings.  It wasn't allege.  It should not be considered, and it wasn't submitted as part -- it was not -- there was no request for judicial notice.  It was simply attached as an exhibit to the declaration of Mr. Silver, I believe, in

15:47:20  1    opposition to the motion -- or, excuse me, in support of the

15:47:22  2    motion to dismiss.

15:47:23  3              And even if counsel had properly sought

15:47:28  4    judicial notice of this release, the Ninth Circuit Court of

15:47:32  5    Appeals in the United States versus Contra Costa County Water

15:47:36  6    District, which is 678 F.2d 90 says you can't even consider

15:47:42  7    settlement agreements -- excuse me -- under judicial notice

15:47:46  8    on a motion to dismiss.

15:47:47  9          THE COURT:  I'm of the preliminary view that this

15:47:50  10   matter would better be resolved at a summary judgment than a

15:47:56  11   motion to dismiss.  And I'll have to think about it, and I'll

15:48:02  12   issue an order later this week instructing you.

15:48:06  13             Thank you for your arguments.

15:48:07  14         MR. LAPINE:  Thank you.

          15                       ~ ~ ~

          16             (Proceedings concluded.)

          17                       ~ ~ ~

          18

          19

          20

          21

          22

          23

          24

          25

1                    C E R T I F I C A T E

2   I hereby certify that the foregoing is a true and correct

3   transcript of the stenographically recorded proceedings in

4   the above matter.

5   Fees charged for this transcript, less any circuit fee

6   reduction and/or deposit, are in conformance with the

7   regulations of the judicial conference of the United States.

8

9

10  /S/Anne Kielwasser                    10/16/2019
    _____              _____
11  Anne Kielwasser, CRR, RPR, CSR        Date
    Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

| ' | 8 | alleged [2] - 3:22, 4:5 | breached [2] - 4:5, | conformance [1] - |
|---|---|---|---|---|

'no [1] - 15:5

/

/S/Anne [1] - 17:10

1

10/16/2019 [1] - 17:10
12 [2] - 1:18, 3:1
1700 [1] - 2:19
18th [1] - 2:6
19-04237SVW [1] - 1:11
19-4237-SVW [2] - 3:5, 6:23
1925 [1] - 2:19

2

2019 [2] - 1:18, 3:1
213 [1] - 1:25
2:00 [1] - 1:19
2:09 [1] - 3:1

3

310-957-2249 [1] - 2:20
333 [1] - 2:5
350 [1] - 1:24

4

424-254-2722 [1] - 2:21
424-278-2335 [1] - 2:7
424-278-2339 [1] - 2:7
4455 [1] - 1:24

6

6 [1] - 14:25
6007 [1] - 2:15
678 [1] - 16:6

7

77373 [1] - 2:16

8

8 [2] - 3:5, 6:23
894-2969 [1] - 1:25

9

90 [1] - 16:6
90012 [1] - 1:24
90067 [1] - 2:20
90071 [1] - 2:6
971-235-5764 [1] - 2:16

A

absolutely [1] - 11:16
accepting [1] - 7:11
accountant [1] - 13:4
accountants [5] - 9:16, 11:1, 11:9, 14:23, 14:24
acquits [1] - 10:21
Act [1] - 3:18
action [3] - 10:5, 12:24, 14:12
actionable [1] - 7:12
active [1] - 10:4
addresses [1] - 10:18
administrator [1] - 13:3
administrators [1] - 11:1
advocate [1] - 11:23
affect [1] - 10:17
affiliated [1] - 11:5
afternoon [4] - 3:8, 3:11, 7:1, 7:5
agent [5] - 12:8, 12:11, 12:16, 12:21, 13:18
agent's [1] - 11:10
agents [7] - 9:15, 11:8, 12:14, 13:20, 15:3, 15:10, 15:12
agreement [17] - 4:4, 5:8, 5:15, 5:17, 5:23, 6:4, 7:24, 8:1, 8:14, 8:19, 9:18, 9:20, 10:10, 10:16, 13:15, 13:16, 14:5
Agreement [2] - 14:3, 14:25
agreements [1] - 16:7
al [3] - 1:13, 3:6, 6:24
Alex [3] - 11:12, 12:18, 13:11
allege [1] - 15:22

alleged [2] - 3:22, 4:5
alleges [1] - 4:10
analysis [1] - 6:9
Angeles [4] - 1:18, 1:24, 2:6, 2:20
Anne [1] - 17:11
ANNE [1] - 1:23
anne.kielwasser@ gmail.com [1] - 1:25
answer [1] - 6:15
anti [1] - 5:4
anti-SLAPP [1] - 5:4
anticipated [2] - 13:17
apologize [1] - 12:3
Appeals [1] - 16:5
appearance [1] - 3:7
appearances [1] - 6:25
applies [1] - 12:16
argue [1] - 9:2
argues [1] - 13:5
arguing [2] - 13:8, 13:21
argument [5] - 9:4, 9:5, 12:4, 12:5, 13:17
arguments [3] - 11:23, 15:19, 16:13
aside [1] - 3:15
assigned [1] - 13:2
assigns [2] - 10:25, 11:6
assuming [1] - 9:3
attached [1] - 15:24
Attorney [5] - 3:18, 3:22, 3:25, 7:2, 7:11
attorney [1] - 14:15
AUGUST [2] - 1:18, 3:1
aware [4] - 13:10, 13:13, 13:15, 14:6

B

barred [2] - 5:24, 7:23
based [2] - 5:24, 5:25
beginning [1] - 9:17
BEHALF [2] - 2:3, 2:13
best [3] - 11:24, 11:25
better [2] - 4:13, 16:10
between [1] - 6:1
beyond [2] - 15:19, 15:21
bifurcated [5] - 10:23, 11:18, 12:6, 13:16, 15:8
bind [1] - 10:17
breach [3] - 3:22, 4:5, 7:10

breached [2] - 4:5, 5:16
brief [1] - 11:17
broad [2] - 8:19, 8:24
Brola [5] - 11:13, 12:18, 13:11, 15:3, 15:11
brought [3] - 3:18, 4:24, 4:25
business [1] - 8:11

C

CA [2] - 2:6, 2:20
CALIFORNIA [1] - 1:2
California [6] - 1:18, 1:24, 8:3, 8:7, 8:8, 8:18
case [15] - 3:18, 3:19, 3:21, 3:25, 4:2, 4:4, 4:10, 4:24, 5:11, 5:18, 5:24, 6:18, 11:12, 11:15, 14:13
cases [1] - 8:11
CENTRAL [1] - 1:2
Century [1] - 2:19
certify [1] - 17:2
chance [1] - 6:19
charged [1] - 17:5
Circuit [1] - 16:4
circuit [1] - 17:5
cite [1] - 8:11
Civil [3] - 8:4, 8:7, 8:8
claim [4] - 7:23, 9:8, 9:10, 9:16
class [3] - 10:4, 12:24, 14:12
clause [7] - 3:21, 3:22, 4:6, 4:15, 7:10, 15:1, 15:2
clearly [1] - 12:2
CLERK [2] - 3:5, 6:23
client [4] - 10:5, 11:24, 11:25, 13:9
Code [2] - 8:4, 8:8
code [1] - 8:12
Colin [2] - 3:10, 4:11
COLIN [1] - 1:9, 2:3
comment [1] - 15:5
comments [1] - 9:19
company [1] - 13:25
complaint [1] - 5:15
concluded [1] - 16:16
conference [2] - 4:1, 17:7
confidentiality [12] - 3:21, 3:22, 4:4, 4:6, 4:15, 5:8, 5:15, 5:17, 6:4, 7:10, 15:1, 15:2

conformance [1] - 17:6
consider [2] - 15:17, 16:6
considered [1] - 15:22
conspicuously [1] - 14:22
contains [1] - 8:21
contention [1] - 6:4
Contra - 16:5
copy [1] - 8:22
corporation [1] - 1:8
correct [14] - 3:24, 4:6, 4:7, 4:9, 5:8, 6:10, 7:14, 7:15, 7:17, 7:18, 7:21, 8:5, 10:2, 17:2
corrected [1] - 7:8
Costa [1] - 16:5
counsel [11] - 3:7, 6:25, 10:20, 12:6, 13:13, 14:25, 15:4, 15:6, 15:7, 15:12, 16:3
County [1] - 16:5
course [1] - 10:14
court [1] - 8:13
COURT [58] - 1:1, 3:5, 3:15, 4:3, 4:9, 4:14, 4:18, 4:21, 4:23, 5:2, 5:6, 5:10, 5:13, 5:18, 5:25, 6:3, 6:8, 6:12, 6:17, 6:23, 7:7, 7:16, 7:19, 7:25, 8:3, 8:8, 8:16, 8:18, 8:21, 8:23, 9:1, 9:7, 9:13, 9:19, 9:22, 10:3, 10:7, 10:13, 11:14, 11:19, 11:22, 12:4, 12:8, 12:10, 12:17, 12:19, 12:23, 13:8, 13:21, 13:24, 14:4, 14:11, 14:16, 14:21, 15:13, 15:16, 16:9
Court [5] - 1:23, 15:16, 15:18, 16:4, 17:11
Court's [1] - 3:17
covered [2] - 6:5, 7:12
covers [1] - 9:10
criminal [1] - 4:11
CRR [2] - 1:23, 17:11
CSR [2] - 1:23, 17:11
CV [1] - 3:5
cV [1] - 6:23

## D

**Date** [1] - 17:11
**David** [6] - 3:6, 3:12, 3:13, 6:24, 7:2, 7:6
**DAVID** [2] - 1:13, 2:13
**decided** [1] - 4:12
**declaration** [1] - 15:25
**defamation** [3] - 5:18, 9:9, 9:10
**defamatory** [3] - 7:12, 7:20, 7:23
**defamed** [2] - 9:4
**defendant** [4] - 3:12, 3:14, 7:2, 7:6
**DEFENDANT** [1] - 2:13
**Defendant/Counter** [1] - 1:14
**Defendant/Counter-Plaintiff** [1] - 1:14
**Defendants** [1] - 1:11
**defense** [3] - 5:20, 5:23, 7:18
**defense's** [1] - 6:6
**deliberately** [1] - 13:5
**deposit** [1] - 17:6
**Diamond** [3] - 2:5, 3:9, 7:3
**different** [1] - 10:20
**differently** [1] - 5:14
**digest** [1] - 11:22
**directors** [2] - 9:16, 11:8
**discharges** [1] - 10:22
**discuss** [1] - 7:7
**dismiss** [6] - 3:17, 15:14, 15:16, 16:2, 16:8, 16:11
**dispute** [2] - 6:13
**distract** [1] - 12:1
**distracted** [1] - 12:1
**DISTRICT** [2] - 1:1, 1:2
**District** [1] - 16:6
**divorced** [1] - 4:12
**documents** [1] - 15:17
**done** [1] - 13:5
**drafted** [3] - 13:14, 14:2, 14:21
**due** [1] - 10:12
**during** [2] - 5:1, 10:4

## E

**e-mail** [3] - 2:8, 2:17, 2:21
**East** [1] - 2:19
**educating** [1] - 11:25

**effect** [1] - 14:18
**elsewhere** [1] - 15:6
**employees** [2] - 11:9, 15:4
**encompassed** [1] - 4:15
**entered** [1] - 13:7
**entire** [2] - 11:17, 15:21
**entities** [1] - 11:6
**entitle** [1] - 15:3
**entitled** [1] - 8:25
**entity** [1] - 13:25
**established** [1] - 14:9
**et** [3] - 1:13, 3:6, 6:24
**except** [1] - 9:7
**excited** [1] - 12:1
**excluded** [1] - 10:11
**excuse** [2] - 16:1, 16:7
**executives** [1] - 9:16
**executor** [1] - 13:3
**executors** [1] - 10:25
**exhibit** [1] - 15:25
**exit** [1] - 4:12
**experience** [1] - 8:10
**explain** [1] - 11:21
**explicit** [1] - 10:18
**explicitly** [1] - 10:11
**explore** [1] - 6:19

## F

**F.2d** [1] - 16:6
**far** [1] - 7:20
**Fax** [2] - 2:7, 2:21
**Federal** [1] - 1:23
**fee** [1] - 17:5
**fees** [1] - 17:5
**first** [2] - 3:17, 10:15
**First** [1] - 1:24
**FJ** [1] - 3:11
**Floor** [1] - 2:6
**focus** [3] - 7:14, 10:7, 12:11
**foregoing** [1] - 17:2
**forever** [1] - 10:22
**FOUNDATION** [2] - 1:8, 2:3
**Foundation** [6] - 3:6, 3:9, 6:24, 13:14, 14:2, 15:9
**FOUTCH** [2] - 3:13, 7:5
**Foutch** [3] - 2:18, 3:13, 7:5
**fundamental** [1] - 5:7

## G

**gallery** [1] - 6:19
**General** [2] - 8:25, 9:14
**general** [3] - 5:22, 6:1, 8:2
**generally** [1] - 8:10
**glasses** [1] - 9:12
**Greenway** [1] - 2:15
**Group** [3] - 2:19, 3:13, 7:6
**guardian** [1] - 13:2
**guardians** [1] - 10:25

## H

**Hearing** [1] - 1:17
**heir** [1] - 13:2
**heirs** [1] - 10:25
**hereby** [2] - 10:21, 17:2
**hesitation** [1] - 8:13
**hold** [1] - 4:18
**Honor** [17] - 3:8, 3:24, 4:8, 4:20, 4:22, 4:24, 5:9, 6:7, 6:16, 6:21, 7:21, 8:15, 9:21, 10:2, 10:12, 12:3, 14:14
**HONORABLE** [1] - 1:4
**Hope** [1] - 2:5
**hyper** [1] - 11:20

## I

**important** [1] - 9:23
**include** [2] - 14:23, 14:24
**included** [1] - 14:25
**including** [3] - 3:20, 9:15, 10:23
**individual** [1] - 1:9
**instructing** [1] - 16:12
**insurer** [1] - 13:4
**insurers** [2] - 11:1, 11:9
**intentionally** [1] - 15:7
**involves** [1] - 3:25
**involving** [1] - 4:2
**issue** [4] - 4:14, 5:4, 7:9, 16:12
**issues** [1] - 7:9
**Item** [2] - 3:5, 6:23

## J

**Jason** [3] - 2:14, 3:11, 7:1
**jason@seibert** [1] - 2:17
**jason@seibert-law.com** [1] - 2:17
**JUDGE** [1] - 1:4
**judgment** [1] - 16:10
**judicial** [5] - 15:18, 15:24, 16:4, 16:7, 17:7
**jurisdiction** [1] - 8:15

## K

**keep** [1] - 12:2
**KIELWASSER** [1] - 1:23
**Kielwasser** [2] - 17:10, 17:11
**kind** [2] - 9:25, 15:4

## L

**Lane** [1] - 2:15
**language** [6] - 10:18, 11:16, 11:17, 12:5, 12:21, 13:18
**Lapine** [4] - 2:4, 3:9, 4:20, 7:3
**LAPINE** [29] - 3:8, 3:24, 4:7, 4:10, 4:17, 4:20, 4:22, 7:3, 10:11, 10:14, 11:16, 11:21, 12:3, 12:5, 12:9, 12:13, 12:18, 12:21, 12:25, 13:11, 13:23, 14:1, 14:8, 14:10, 14:20, 14:24, 15:15, 15:21, 16:14
**law** [1] - 10:16
**Law** [4] - 2:15, 2:19, 3:13, 7:6
**law.com** [1] - 2:17
**lawsuit** [2] - 13:14, 14:2
**lawyer** [2] - 13:22, 13:25, 14:1
**lawyers** [2] - 8:12, 14:22
**lay** [1] - 7:22
**least** [1] - 7:9
**LeMahieu** [2] - 3:10, 4:11
**LEMAHIEU** [2] - 1:9, 2:3

## M

**mail** [3] - 2:8, 2:17, 2:21
**Manor** [1] - 2:15
**Marie** [1] - 2:18
**matter** [4] - 5:23, 14:19, 16:10, 17:4
**matters** [1] - 15:18
**McCarthy** [3] - 2:5, 3:9, 7:3
**mean** [2] - 6:8, 8:10
**meaning** [1] - 12:11
**meeting** [1] - 9:25
**members** [1] - 11:10
**mind** [1] - 12:2
**minute** [1] - 5:3
**misspoke** [1] - 6:3
**misunderstood** [1] - 9:22
**moment** [4] - 4:14, 4:18, 6:18, 7:11
**mONDAY** [1] - 1:18
**MONDAY** [1] - 3:1
**money** [1] - 4:13
**most** [1] - 8:23
**motion** [8] - 3:16, 7:8, 15:13, 15:16, 16:1, 16:2, 16:8, 16:11
**Motion** [1] - 1:17
**move** [1] - 10:13
**MR** [59] - 3:8, 3:11, 3:24, 4:7, 4:10, 4:17, 4:20, 4:22, 4:24, 5:5, 5:9, 5:11, 5:14, 5:20, 6:1, 6:6, 6:11, 6:15, 6:21, 7:1, 7:3, 7:15, 7:18, 7:21, 8:2, 8:6, 8:14, 8:17, 8:20, 8:22, 8:24, 9:6, 9:11, 9:14, 9:21, 10:2, 10:4, 10:11, 10:14, 11:16, 11:21, 12:3, 12:5, 12:9, 12:13,

**less** [1] - 17:5
**lfoutch@reiflawgroup.com** [1] - 2:21
**Lisa** [3] - 2:18, 3:13, 7:5
**litigation** [4] - 5:1, 8:4, 10:5, 12:24
**LLC** [1] - 3:12
**LLP** [1] - 2:5
**look** [1] - 15:1
**Los** [4] - 1:18, 1:24, 2:6, 2:20
**LTD** [1] - 1:8

12:18, 12:21, 12:25, 13:11, 13:23, 14:1, 14:8, 14:10, 14:14, 14:20, 14:24, 15:15, 15:21, 16:14
**MS** [2] - 3:13, 7:5
**Mutual** [2] - 8:25, 9:14
**mutual** [4] - 5:22, 6:1, 6:5, 8:2

## N

**name** [2] - 4:19, 13:22
**Nano** [8] - 3:6, 3:9, 3:18, 6:24, 13:14, 14:1, 15:2, 15:9
**NANO** [2] - 1:8, 2:3
**natural** [14] - 10:24, 11:2, 11:4, 11:11, 11:13, 12:15, 12:18, 12:20, 12:22, 13:1, 13:20, 15:9, 15:10
**need** [1] - 9:11
**negotiated** [1] - 13:14
**New** [4] - 1:8, 8:15, 8:16, 10:16
**next** [1] - 6:18
**Ninth** [1] - 16:4
**none** [3] - 11:1, 13:4
**nonprofit** [1] - 1:8
**nothing** [1] - 4:1
**notice** [4] - 15:19, 15:24, 16:4, 16:7
**number** [2] - 12:13, 12:14

## O

**October** [1] - 13:7
**OF** [3] - 1:2, 2:3, 2:13
**officers** [1] - 11:7
**official** [1] - 17:11
**Official** [1] - 1:23
**omit** [1] - 14:22
**ON** [2] - 2:3, 2:13
**one** [6] - 4:14, 4:18, 5:3, 7:9, 8:12, 12:13
**opposition** [1] - 16:1
**order** [1] - 16:12

## P

**P.M** [2] - 1:19, 3:1
**parent** [1] - 11:5
**Park** [1] - 2:19
**part** [6] - 5:8, 6:4, 8:3, 8:23, 12:6, 15:23
**participated** [1] - 4:11

**parties** [11] - 6:2, 8:11, 9:15, 12:14, 13:1, 13:19, 15:3, 15:8, 15:9, 15:10
**parties'** [1] - 10:24
**partners** [1] - 11:10
**party** [8] - 10:21, 10:22, 10:24, 11:3, 11:11, 11:18, 12:20, 12:22
**party's** [2] - 11:4, 11:7
**pass** [1] - 6:17
**past** [2] - 11:4, 11:7
**pause** [1] - 6:22
**PC** [1] - 2:19
**pendant** [1] - 15:17
**person** [13] - 10:24, 11:2, 11:4, 11:11, 11:13, 12:15, 12:18, 12:20, 12:22, 12:23, 13:20, 15:11
**persons** [1] - 13:1
**Peter** [3] - 13:13, 13:23, 14:10
**Plaintiff** [1] - 1:14
**plaintiff** [10] - 3:9, 3:19, 4:25, 9:5, 10:8, 11:14, 12:24, 13:9, 13:12, 14:13
**plaintiffs** [3] - 5:16, 5:21, 7:4
**Plaintiffs/Counter** [1] - 1:11
**Plaintiffs/Counter-Defendants** [1] - 1:11
**plausible** [1] - 9:8
**pleading** [2] - 15:17, 15:18
**pleadings** [2] - 15:20, 15:22
**point** [1] - 12:10
**position** [4] - 4:23, 6:6, 6:12, 7:19
**predecessor** [1] - 11:6
**preliminary** [1] - 16:9
**present** [2] - 11:5, 11:7
**PRESIDING** [1] - 1:4
**proceedings** [3] - 6:22, 16:16, 17:3
**Proceedings** [1] - 1:17
**properly** [2] - 7:13, 16:3
**pure** [1] - 5:18
**put** [1] - 9:11
**putting** [1] - 3:15

## Q

**quotient** [1] - 8:23

## R

**read** [1] - 10:19
**reading** [1] - 9:12
**realize** [1] - 11:23
**recorded** [1] - 17:3
**reduction** [1] - 17:6
**regard** [2] - 10:23, 11:3
**regardless** [1] - 7:22
**regulations** [1] - 17:7
**Reif** [3] - 2:19, 3:13, 7:5
**related** [1] - 11:5
**relates** [3] - 11:10, 11:18, 12:7
**relax** [1] - 4:21
**Release** [3] - 8:25, 9:15, 10:19
**release** [32] - 3:20, 5:22, 5:24, 6:1, 6:5, 6:10, 7:13, 8:2, 8:21, 9:8, 9:9, 9:15, 10:1, 10:17, 10:18, 11:17, 11:18, 12:5, 12:7, 12:12, 12:19, 13:1, 13:6, 13:20, 14:6, 14:21, 15:7, 15:8, 15:12, 15:21, 16:4
**released** [2] - 5:21, 15:9
**releases** [3] - 10:21, 13:1, 13:18
**relevant** [1] - 5:11
**rely** [2] - 11:17, 12:6
**remember** [2] - 8:11, 14:23
**remises** [1] - 10:21
**Reporter** [2] - 1:23, 17:11
**Reporter's** [1] - 1:17
**represent** [2] - 12:15, 12:17
**representatives** [1] - 15:3
**represented** [5] - 3:19, 11:2, 11:12, 12:23, 15:11
**representing** [4] - 7:16, 10:5, 14:11, 14:12
**request** [1] - 15:24
**resolved** [2] - 3:19, 16:10

**respect** [3] - 10:12, 12:25, 13:19
**response** [2] - 11:10, 15:4
**roll** [1] - 8:13
**RPR** [2] - 1:23, 17:11
**Ryan** [4] - 2:4, 3:8, 4:20, 7:3
**ryan.lapine@ diamondmccarthy. com** [1] - 2:8

## S

**sake** [2] - 9:3, 9:5
**satisfies** [1] - 10:22
**scam** [1] - 4:12
**Scoolidge** [7] - 13:13, 13:23, 13:24, 14:5, 14:6, 14:10
**scope** [2] - 6:10, 6:14
**seated** [1] - 6:18
**Section** [1] - 14:25
**section** [1] - 8:12
**sections** [1] - 8:12
**Securities** [2] - 3:18, 11:15
**see** [4] - 6:3, 9:22, 10:3, 12:19
**Seibert** [6] - 2:14, 2:15, 3:11, 3:12, 3:14, 7:1
**SEIBERT** [30] - 3:11, 4:24, 5:5, 5:9, 5:11, 5:14, 5:20, 6:1, 6:6, 6:11, 6:15, 6:21, 7:1, 7:15, 7:18, 7:21, 8:2, 8:6, 8:14, 8:17, 8:20, 8:22, 8:24, 9:6, 9:11, 9:14, 9:21, 10:2, 10:4, 14:14
**servants** [1] - 11:9
**served** [2] - 11:24, 11:25
**settlement** [16] - 3:20, 5:8, 5:23, 7:13, 7:24, 8:1, 8:9, 8:14, 8:19, 9:7, 10:1, 10:9, 10:16, 13:15, 13:16, 16:7
**shall** [1] - 15:3
**shareholders** [1] - 11:9
**short** [1] - 6:15
**signed** [2] - 5:22, 10:1
**signing** [2] - 9:17, 9:20
**signor** [1] - 10:15
**silver** [2] - 5:16, 5:20

**Silver** [23] - 3:6, 3:12, 3:19, 3:23, 4:1, 6:24, 7:2, 7:6, 7:11, 7:17, 9:4, 9:25, 10:15, 11:2, 11:12, 12:6, 12:11, 13:17, 14:6, 14:14, 14:16, 15:11, 15:25
**SILVER** [2] - 1:13, 2:13
**simply** [1] - 15:24
**SLAPP** [1] - 5:4
**sorry** [1] - 9:11
**sought** [1] - 16:3
**South** [1] - 2:5
**Spring** [1] - 2:16
**started** [1] - 7:7
**state** [1] - 8:13
**State** [1] - 8:15
**statement** [1] - 4:15
**statements** [11] - 3:25, 4:11, 4:25, 5:21, 6:9, 13:6, 13:9, 13:10, 13:15, 14:7, 15:2
**States** [2] - 16:5, 17:7
**STATES** [1] - 1:1
**stems** [1] - 3:21
**stenographically** [1] - 17:3
**STEPHEN** [1] - 1:4
**steps** [1] - 7:22
**still** [1] - 6:9
**Street** [2] - 1:24, 2:5
**subject** [1] - 5:23
**submitted** [1] - 15:23
**subsidiary** [1] - 11:5
**successor** [1] - 13:2
**successors** [2] - 10:25, 11:6
**Suite** [2] - 1:24, 2:19
**summary** [1] - 16:10
**support** [1] - 16:1

## T

**telephone** [1] - 1:25
**testify** [1] - 14:10
**THE** [56] - 2:13, 3:15, 4:3, 4:9, 4:14, 4:18, 4:21, 4:23, 5:2, 5:6, 5:10, 5:13, 5:18, 5:25, 6:3, 6:8, 6:12, 6:17, 7:7, 7:16, 7:19, 7:25, 8:3, 8:8, 8:16, 8:18, 8:21, 8:23, 9:1, 9:7, 9:13, 9:19, 9:22, 10:3, 10:7, 10:13, 11:14, 11:19, 11:22, 12:4, 12:8, 12:10,

12:17, 12:19, 12:23,
13:8, 13:21, 13:24,
14:4, 14:9, 14:11,
14:16, 14:21, 15:13,
15:16, 16:9
**three** [1] - 7:22
**tongues** [1] - 8:13
**Transcript** [1] - 1:17
**transcript** [2] - 17:3,
17:5
**true** [1] - 17:2
**trustee** [1] - 13:3
**trustees** [1] - 11:1
**trying** [1] - 11:22
**two** [1] - 12:14
**TX** [1] - 2:16

## U

**under** [4] - 8:14, 9:14,
10:16, 16:7
**UNITED** [1] - 1:1
**United** [2] - 16:5, 17:7
**unless** [1] - 10:17
**uses** [1] - 15:6

## V

**versus** [3] - 3:6, 6:24,
16:5
**view** [1] - 16:9
**vS** [1] - 1:12

## W

**wait** [1] - 5:3
**Water** [1] - 16:5
**week** [1] - 16:12
**West** [1] - 1:24
**wife** [1] - 4:12
**WILSON** [1] - 1:4
**word** [1] - 11:8
**words** [2] - 6:15, 13:8
**writing** [2] - 14:18,
14:20

## Y

**York** [4] - 1:8, 8:15,
8:16, 10:16