DIAMOND McCARTHY LLP
Ryan M. Lapine (SBN 238216)
*ryan.lapine@diamondmccarthy.com*
Joshua H. Herr (SBN 301775)
*joshua.herr@diamondmccarthy.com*
333 South Hope Street, Suite 1800
Los Angeles, California 90071
Telephone: (424) 278-2335
Facsimile: (424) 278-2339

Attorneys for Plaintiffs, NANO FOUNDATION, LTD. and
COLIN LeMAHIEU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LeMAHIEU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID C. SILVER, an individual,<br><br>Defendant. | Case No. 2:19-cv-04237-MRW<br><br>**PLAINTIFF NANO FOUNDATION, LTD.'S MOTION TO DISMISS ITS COMPLAINT PURSUANT TO RULE 41(A)(2)**<br><br>Date:    January 22, 2020<br>Time:    9:30 a.m.<br>Location:    Courtroom 550<br><br>Action Filed:    May 15, 2019 |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 22, 2020, at 9:30 a.m., before the Honorable Michael R. Wilner in Courtroom 550 of this Court located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California, 90012, Plaintiff Nano Foundation, Ltd. ("Nano Foundation") will move for approval to dismiss its action against Defendant David Silver, which consists of a single claim for Trade Libel (the third cause of action in the operative complaint). Plaintiff Colin LeMahieu's case will proceed against Defendant.

This motion is made pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides that, after a defendant has filed an answer or motion for summary judgment, the party must seek leave of court to voluntarily dismiss its claims.

While Nano Foundation is confident that it would succeed on its Trade Libel claim, Silver has engaged in scorched-earth litigation which has led this action to cost more than Nano Foundation is prepared to spend on legal fees and costs at this time. The cost-benefit analysis has changed such that Nano Foundation does not consider a victory at trial worth the costs of litigating this matter further.  Because Silver has filed a motion to stay this action indefinitely, Nano Foundation seeks to discharge its claim now to stop the bleeding and allow LeMahieu's claims to proceed to timely trial.

This motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities in support thereof, and all files and pleadings in this action.

DIAMOND McCARTHY LLP

Case No. 2:19-CV-04237-MRW                    PLAINTIFF NANO FOUNDATION'S MOTION TO DISMISS ITS
                                                                                                      COMPLAINT

1  DATED:  December 18, 2019          RYAN M. LAPINE, ESQ.
2                                     ROSENFELD, MEYER & SUSMAN LLP

3                                     By:        /s/ Ryan M. Lapine
                                                 Ryan M. Lapine
4                                     Attorneys for Plaintiffs, NANO
                                      FOUNDATION, LTD. and COLIN
5                                     LEMAHIEU

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND STATEMENT OF PERTINENT FACTS

Plaintiffs Nano Foundation, Ltd. ("Nano Foundation") and Colin LeMahieu filed this action to recover damages and rehabilitate LeMahieu's good name after David Silver told a series of inflammatory, fantastic lies in a keynote speech at an industry conference to an audience of industry leaders, peers, colleagues, and contemporaries.

Silver responded by filing three frivolous motions and engaging in costly discovery machinations that have succeeded in running up Nano Foundation's costs considerably.

Silver filed a frivolous Motion to Dismiss arguing that a settlement agreement to which Silver was not a party released the claims against him herein.  To make that argument, Silver relied on release language in that settlement agreement that applied solely to parties that were not natural persons.  Silver represented no such party.  The Court denied his frivolous motion.

The Court also denied his frivolous Rule 11 motion, which was based on the same release language that applies to parties that were not natural persons.

Silver concomitantly filed an anti-SLAPP motion, arguing that his keynote speech at a conference fell within the penumbra of California Code of Civil Procedure § 425.16 because it was related to ongoing litigation.  Such out of court statements are not protected under Section 425.16 as they cannot bear a "reasonable relation to the action and [have been] made to achieve the objects of the litigation". *Rosenthal v. Irell & Manella*, 135 Cal.App.3d 121, 126 (1982).  The statute extends only to out of court statements directly related to the prosecution or defense of the claims themselves, like affidavits of service of process or notices of intent to commence legal proceedings. *See, Rusheen v. Cohen*, 37 Cal.4th 1048 (2006); *Rubin v. Green*, 4 Cal.4th 1187 (1993).  Further, as the California Supreme Court confirmed again this year, merely referring to or bearing relation to a subject of broad public interest does

DIAMOND McCARTHY LLP

1  not afford a party protection under Section 425.16. *FilmOn.com Inc. v. DoubleVerify,*
2  *Inc.*, 7 Cal.5th 133, 150 (2019). Rather, "the statement must in some manner itself
3  contribute to the public debate" on a matter of broad public concern. *Id.* Silver did
4  not even attempt to argue in his motion that he met this heightened threshold for
5  protection, nor could he under *FilmOn.com Inc.* The Court did not grant Silver's anti-
6  SLAPP motion.

7        Silver then filed a meritless cross-complaint asserting claims based on the very
8  same release language that applied to parties who were not natural persons. He
9  ultimately dismissed that frivolous filing, but not before Nano Foundation had to
10  expend considerable resources drafting a motion to dismiss.

11        Silver also propounded seventy-seven (77) requests for production requesting
12  all documents under the sun. While Nano Foundation believes that the Court would
13  ultimately rule in its favor by rejecting or substantially narrowing those requests, such
14  a discovery dispute would saddle Nano Foundation with even more attorney's fees to
15  pay.

16        Silver has now filed a motion to stay this case for years, until all appeals have
17  been exhausted in a pending federal action in its nascent stages in San Francisco.
18  Such broad, open-ended stay requests are strongly disfavored in the Ninth Circuit.
19  *Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000); *see also Itel Corp. v. M/S Victoria*
20  *U (Ex Pishtaz Iran),* 710 F.2d 199, 202–03 (5th Cir. 1983) ("We respect the trial
21  court's inherent power 'to control the disposition of the causes on its docket with
22  economy of time and effort for itself, for counsel and for litigants' and we give
23  deference to the district court's judgment that the stay will avoid hardship and
24  inequity, but we 'cannot abdicate our [role] ... to prevent the ossification of rights
25  which attends inordinate delay'"). As detailed more fully in Nano Foundation's
26  opposition to that motion to stay, a stay on the facts of Silver's application would not
27  be warranted even if the Ninth Circuit did not disfavor such broad, inordinate delay.
28  However, that motion has forced Nano Foundation to incur even more attorney's fees.

DIAMOND McCARTHY LLP

2

PLAINTIFF NANO FOUNDATION'S MOTION TO DISMISS ITS
                                                                        COMPLAINT

1    Nano Foundation is a non-profit that exists to support the Nano cryptocurrency.

2    It has a limited cache of Nano to fund its operations, and its litigation budget is small.

3    Silver's disproportional, scorched-earth litigation tactics have had a chilling effect,

4    likely intended, on Nano Foundation.  It is not worth spending a small fortune to

5    pursue its claims, even though they are meritorious.

6    While plaintiff Colin LeMahieu intends to continue pursuing his claims against

7    Silver, with a narrowed focus to cut costs, it is in Nano Foundation's best interest to

8    step aside and devote its limited resources to its primary mission.

9    **II.    LEGAL STANDARD**

10   Federal Rule of Civil Procedure Rule 41(a)(2) provides that a plaintiff must

11   obtain court approval to dismiss "on terms that the court considers proper." Fed R.

12   Civ. Proc. 41(a)(2).

13   The Court has discretion to permit voluntary dismissal after an answer has been

14   filed.  *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir.

15   1982).  The rules require a Court order "to prevent voluntary dismissals which

16   unfairly affect the other side and to permit the imposition of curative conditions."

17   *Alamance Indus., Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961); *Arias v.*

18   *Cameron,* 776 F.3d 1262, 1268-1269 (11th Cir. 2015).  Courts

19   generally allow dismissal, with or without prejudice, unless doing so will cause

20   defendant "some plain legal prejudice."  *Hamilton v. Firestone Tire & Rubber Co.,*

21   *Inc.*, supra, 679 F.2d at 145.  Generally courts may only deny a request for dismissal

22   if dismissal were without prejudice and would both raise the specter of a possible

23   future lawsuit and cause "some cognizable prejudice greater than the mere prospect of

24   a second lawsuit." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.,*

25   903 F.2d 352, 360 (5th Cir. 1990).  Examples of such prejudice include loss of the

26   right to a jury trial or a statute of limitations defense. *Westlands Water Dist. v. United*

27   *States*, 100 F.3d 94, 97 (9th Cir. 1996).

28   It is an abuse of discretion to deny a request for dismissal based on the court's

DIAMOND McCARTHY LLP

3

1   convenience or sunk time on the matter (*Baca v. Berry,* 806 F.3d 1262, 1269 (10th

2   Cir. 2015)), based on the possibility of a second lawsuit (*Westlands Water Dist. v.*

3   *United States*, supra, 100 F.3d at 96), based on the expenses the defendant has already

4   incurred (*In re Lowenschuss,* 67 F.3d 1394, 1400-1401 (9th Cir. 1995)), or based on

5   any tactical advantage that dismissal might provide the dismissing plaintiff (*see*

6   *Hamilton v. Firestone Tire & Rubber Co., Inc.*, supra, 679 F.2d at 146, fn. 1; and *Lau*

7   *v. Glendora Unified School Dist.,* 792 F.2d 929, 930 (9th Cir. 1986)).

8       Voluntary dismissals under Rule 41(a) are typically without prejudice unless

9   otherwise noted.  Fed. R. Civ. Proc. 41(a)(2).  A dismissal should be without

10   prejudice unless it would severely prejudice the defendant, such as "when a party

11   proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid

12   an imminent adverse ruling, or may on refiling deprive the defendant of a limitations

13   defense." *In re FEMA Trailer Formaldehyde Products Liability Litig.,* 628 F.3d 157,

14   162 (5th Cir. 2010).  When a plaintiff requests a dismissal without prejudice, the court

15   may not dismiss with prejudice without first giving the plaintiff the option

16   to *withdraw* its motion.  *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930 (9th

17   Cir. 1986).

18       When deciding whether to dismiss without prejudice, courts may consider a

19   multitude of factors, including but not limited to Defendant's efforts and expense

20   incurred in preparing for trial, the plaintiff's diligence in prosecuting the action, the

21   plaintiff's explanation of the need to dismiss, and the status of the litigation such as

22   the immediacy of trial.  *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005); *Doe v.*

23   *Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Zagano v. Fordham*

24   *Univ.*, 900 F.2d 12, 14 (2nd Cir. 1990).  Rule 41(a)(2) motions for dismissal without

25   prejudice can generally only be refused in extreme cases such as when it is brought on

26   the eve of trial or immediately after an adverse ruling or prohibits the defendant from

27   pursuing counterclaims. *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93-94 (1924);

28   *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 122 (ND GA 1980).

DIAMOND McCARTHY LLP

III.   **ARGUMENT**

Nano Foundation's voluntary dismissal should be granted here because it is sought for a good reason and will not prejudice defendant David Silver.  As detailed above, Nano Foundation has now faced down four (4) frivolous motions by Silver to derail this litigation and a frivolous cross-complaint that Silver withdrew only after Nano Foundation had to draft a motion to dismiss, not to mention abusively over-broad discovery.

Nano Foundation simply does not have the resources to fight an endless war of attrition with Silver.  Silver's prior counsel disclosed that Silver was using his own law firm to work on this matter while slapping his counsel's name on pleadings. While it may no longer be the case with new counsel, Nano Foundation does not have a law firm at his disposal and actually has to pay out of pocket and handsomely to respond to Silver's endless filings.

Indeed, while flooding the Court with frivolous filings, Silver has made absurdly low-ball settlement offers.  He clearly believes that if he stays this action indefinitely or runs up Nano Foundation's and LeMahieu's costs enough, he can escape the consequences of his misconduct for pennies and an "I'm sorry."  While LeMahieu intends to pursue his claims by narrowing the focus thereof, Silver's scorched Earth litigation strategy has been successful in forcing Nano Foundation to fold.

Permitting Nano Foundation to bow out now will only benefit Silver, not prejudice him.  It will save both Silver and Nano Foundation from incurring further attorney's fees and costs in litigation this action as between those parties.  Because dismissal will not prejudice Silver, it should be granted.

The dismissal should be entered without prejudice because doing so will not cause Silver any prejudice.  Discovery is still underway, trial is still months away, and there is no recent or pending adverse ruling on Nano Foundation's claims.  This is not one of the extreme cases contemplated in *In re Skinner, supra*, 265 U.S. 86, where

DIAMOND McCARTHY LLP

1  dismissal is requested on the eve of trial, immediately after an adverse ruling, or with

2  the intention of prohibiting the defendant from pursuing counterclaims.

3      Finally, no terms or conditions should be imposed at this time.  While courts

4  sometimes require dismissing parties to pay certain costs, such costs are only to

5  prevent the defendant from incurring duplicative defense costs should the claims be

6  re-filed.  *Koch v. Hankins*, 8 F.3d 650, 651 (9th Cir. 1993).  Courts generally do not

7  order such costs in circumstances where the plaintiff had a "realistic chance of

8  success" and pursued the action in good faith.  *See Stevedoring Servs. of Am. v.*

9  *Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  Nano Foundation made its

10  claims in good faith and with a realistic chance of success.  Those claims survived

11  three attacks: a motion to dismiss, a motion for sanctions, and an anti-SLAPP motion

12  to strike.  In the unlikely event that Nano Foundation chooses to file these claims a

13  second time, Silver may seek an award of duplicative costs in that action.  *See*

14  *Esposito v. Piatrowski*, 223 F.3d 497, 499-500 (7th Cir. 2000).  There is no need to

15  impose such costs now.

16  **IV.    CONCLUSION**

17      For the foregoing reasons, Plaintiff Nano Foundation, Ltd. respectfully requests

18  that the Court grant the Motion and dismiss its claims herein with prejudice.

19

20

21  DATED:  December 18, 2019          RYAN M. LAPINE, ESQ.
                                       ROSENFELD, MEYER & SUSMAN LLP
22
                                       By:    */s/ Ryan M. Lapine*
23                                            Ryan M. Lapine
                                       Attorneys for Plaintiffs, NANO
24                                     FOUNDATION, LTD. and COLIN
                                       LEMAHIEU
25

26

27

28

*DIAMOND McCARTHY LLP*

6

**CERTIFICATE OF SERVICE**

    I certify that a copy of the above and forgoing was served on December 18, 2019 by means of the Court's ECF service to BRIDGET B. HIRSCH, ESQ., ANDERSON CALIFORNIA KILL L.L.P., 355 South Grand Avenue, Los Angeles, CA 90071; STEPHEN D. PALLEY, ESQ., ANDERSON KILL L.L.P., 1717 Pennsylvania Ave., NW, Suite 200, Washington, DC 20006; Email: bhirsch@andersonkill.com; spalley@andersonkill.com.

                                  By:      */s/ Ryan M. Lapine*

944287v1

Case No. 2:19-CV-04237-MRW      PLAINTIFF NANO FOUNDATION'S MOTION TO DISMISS ITS COMPLAINT

DIAMOND McCARTHY LLP