DIAMOND McCARTHY LLP
Ryan M. Lapine (SBN 238216)
ryan.lapine@diamondmccarthy.com
Joshua H. Herr (SBN 301775)
joshua.herr@diamondmccarthy.com
333 South Hope Street, Suite 1800
Los Angeles, California 90071
Telephone:  (424) 278-2335
Facsimile:   (424) 278-2339

Attorneys for Plaintiffs, NANO FOUNDATION, LTD. and COLIN LeMAHIEU

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LeMAHIEU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID C. SILVER, an individual,<br><br>Defendant. | Case No. 2:19-cv-04237-MRW<br><br>**PLAINTIFF COLIN LEMAHIEU'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT PURSUANT TO RULE 15(A)(2)**<br><br>Date:       January 22, 2020<br>Time:       9:30 a.m.<br>Location:  Courtroom 550<br><br>Action Filed:    May 15, 2019 |

# NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 22, 2020, at 9:30 a.m., before the Honorable Michael R. Wilner in Courtroom 550 of this Court located at Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, California, 90012, Plaintiff Colin LeMahieu will move to amend his complaint in this action.

This motion is made pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be "freely given when justice requires" and *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) which holds that "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants" (internal quotations omitted).

LeMahieu's proposed First Amended Complaint (the "FAC") streamlines his action to seek relief on only one (1) of the four (4) alleged defamatory statements, Defamatory Statement #4:

> "Uhhhhh Nano, the CEO and the head guy at Nano who holds 90% of the Nano at like $15 it was worth $1.4 billion, I think it's down to like $4, so I think it's only worth like $400,000,000 now. Uhhh, he got divorced from his wife last year. He decided that he was ready. He deserved better because he was now rich. She took all the money. And then, the financial affidavit, she, they, argued about how much the Nano was worth and what the Nano was. But I will tell you this: he said it had value and he said that he believed it was going up and he believed it was a security cause [sic] he put it on his security side of the affidavit."

While LeMahieu has full faith that he could succeed on his claims as they relate to Defamatory Statements #1-3, he expressly makes this motion and seeks to amend his complaint out of an abundance of caution to avoid the possible years long stay of this action that Silver presently requests. (Dkt. 67.) Concomitantly, Plaintiff Nano

Foundation, Inc. ("Nano Foundation") moves under Rule 41 to dismiss its claims to stop the bleeding on increasingly expensive litigation.

This motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities in support thereof, the attached proposed First Amended Complaint, and all files and pleadings in this action.

DATED: December 18, 2019

RYAN M. LAPINE, ESQ.
ROSENFELD, MEYER & SUSMAN LLP

By: _/s/ Ryan M. Lapine_
Ryan M. Lapine
Attorneys for Plaintiff, COLIN LEMAHIEU

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF PERTINENT FACTS

Colin LeMahieu filed this action to rehabilitate his good name after David Silver told a series of inflammatory, fantastic lies about him and his company, Plaintiff Nano Foundation, Ltd. ("Nano Foundation") in a keynote speech at an industry conference to an audience of LeMahieu's peers, colleagues, and contemporaries. Silver has responded with a series of frivolous motions and machinations that have succeeded in running up LeMahieu's costs considerably.

To wit, Silver filed a frivolous Motion to Dismiss. He argued that a settlement agreement to which Silver was not a party released the claims against him herein. To make that argument, Silver relied on release language in that settlement agreement that applied solely to parties that were not natural persons. Silver represented no such party. The Court denied his frivolous motion.

He concomitantly filed a Rule 11 motion, based on the same release language that applies to parties that were not natural persons. The Court denied his frivolous motion.

He concomitantly filed an anti-SLAPP motion, arguing that his keynote speech at a conference fell within the penumbra of California Code of Civil Procedure § 425.16, arguing they were protected because they related to ongoing litigation. Such out of court statements are not protected under Section 425.16 as they cannot bear a "reasonable relation to the action and [have been] made to achieve the objects of the litigation". *Rosenthal v. Irell & Manella*, 135 Cal.App.3d 121, 126 (1982). The statute extends only to out of court statements directly related to the prosecution or defense of the claims themselves, like affidavits of service of process or notices of intent to commence legal proceedings. *See, Rusheen v. Cohen*, 37 Cal.4th 1048 (2006); *Rubin v. Green*, 4 Cal.4th 1187 (1993). Further, as the California Supreme Court confirmed again this year, merely referring to or bearing relation to a subject of broad public interest does not afford a party protection under Section 425.16.

*FilmOn.com Inc. v. DoubleVerify, Inc.*, 7 Cal.5th 133, 150 (2019). Rather, "the statement must in some manner itself contribute to the public debate" on a matter of broad public concern. *Id.* Silver did not even attempt to argue in his motion that he met this heightened threshold for protection, nor could he under *FilmOn.com Inc.* The Court did not grant Silver's anti-SLAPP motion.

Not yet finished, Silver doubled down on his infirm release argument, filing a cross-complaint asserting claims based on the very same release language that applied to parties who were not natural persons. He ultimately dismissed that frivolous filing, but not before LeMahieu had to expend considerable resources drafting a motion to dismiss.

The beat goes on, as Silver has now filed a motion to stay this case for years, until all appeals have been exhausted in a pending Federal action in its nascent stages in San Francisco. Such broad, open-ended stay requests are strongly disfavored in the Ninth Circuit. *Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000); *see also Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran),* 710 F.2d 199, 202-03 (5th Cir. 1983) ("We respect the trial court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants' and we give deference to the district court's judgment that the stay will avoid hardship and inequity, but we 'cannot abdicate our [role] ... to prevent the ossification of rights which attends inordinate delay'"). As detailed more fully in LeMahieu's opposition to that motion to stay, a stay on the facts of Silver's application would not be warranted even if the Ninth Circuit did not disfavor such broad, inordinate delay.

Be that as it may, Silver's never-ending paper churn and willingness to engage in endless frivolous filings to see what might stick has had a chilling effect, likely intended, on LeMahieu. He seeks a timely day in court to at trial rehabilitate his good name. He does not wish to spend a small fortune to pursue broader claims with merit that position Silver to engage in a war of law and motion attrition.

To that end, Silver has now admitted that he has no defense to LeMahieu's

2

Case No. 2:19-CV-04237-MRW    PLAINTIFF COLIN LEMAHIEU'S MOTION TO FOR LEAVE TO AMEND.

claims as to Defamatory Statement #4. (Dkt. 67-2 3:5-6, 12-13.) Accordingly, LeMahieu seeks to narrow his claims not because his allegations related to Defamatory Statements #1-3 are in any way infirm, but to avoid the considerable cost of further and likely endless frivolous law and motion practice from Silver. Further, while LeMahieu does not believe that Silver's Motion to Stay should be granted, the risk of it being granted, regardless how remote, compels him to narrow his claims so that he can ensure a timely day in Court to rehabilitate his name and hold Silver accountable for his actions.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend should be "freely given when justice requires." See Fed. R. Civ. P. 15(a). If a party opposes the motion, that party bears the burden of demonstrating why the amendment should not be granted. It is the policy of the courts and law to freely allow amendment of pleadings and the addition of new causes of action so that all disputes may be put at issue and decided on their merits, and a court's discretion will usually be exercised extremely liberally to permit amendment of the pleadings. *See DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). After amending once or after an answer has been filed, amendment requires leave of the court or the written consent of the opposing party. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). While leave to amend falls within the discretion of the District Court, refusal to grant leave without justification is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Federal Rule of Civil Procedure 15(a) is the appropriate mechanism [w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (internal quotations omitted).

In determining whether to grant leave to amend, courts consider the following factors: (1) bad faith of the moving party, (2) delay in the proceedings, (3) prejudice

3

Case No. 2:19-CV-04237-MRW     PLAINTIFF COLIN LEMAHIEU'S MOTION TO FOR LEAVE TO AMEND.

to the nonmoving party, and (4) futility of the amendment. *See Owens v. Kaiser Foundation Health Plan. Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

**III.   ARGUMENT**

With this motion, LeMahieu seeks to simplify and streamline this proceeding. Each of the four factors identified above weighs in favor of amendment here. LeMahieu's proposed amendments are not sought in bad faith, will not delay these proceedings, will not prejudice Silver, and are not futile.

**A.   LeMahieu Does Not Seek Amendment In Bad Faith**

LeMahieu is not motivated by bad faith or a dilatory motive in seeking to amend the complaint. Instead, as detailed *supra*, LeMahieu has now faced down four (4) frivolous motions by Silver to derail this litigation and a frivolous cross-complaint that Silver withdrew only after LeMahieu had to draft a motion to dismiss. Silver has admitted that he has no defense to LeMahieu's claims as to Defamatory Statement #4.

Notwithstanding Silver's false statements as to LeMahieu's purported wealth, LeMahieu simply does not have the resources to fight an endless war of law and motion attrition with Silver. Silver's prior counsel disclosed that Silver was using his own law firm to work on this matter while slapping his counsel's name on pleadings. While it may no longer be the case with new counsel, LeMahieu does not have a law firm at his beck and disposal and actually has to pay out of pocket and handsomely to respond to Silver's endless filings. He seeks amendment to cut this litigation tactic off at the pass, to ensure timely and efficient adjudication of this matter and the opportunity to have his day in Court without having to go broke in the process.

Further, while LeMahieu does not believe that Silver's stay motion has merit, an inordinate, never-ending stay for years, which Silver requests, would cause LeMahieu considerable hardship. He would not get his timely day in Court to clear his name and would have to continue to live indefinitely in an event that has caused

4

Case No. 2:19-CV-04237-MRW         PLAINTIFF COLIN LEMAHIEU'S MOTION TO FOR LEAVE TO AMEND.

him grave emotional distress. Out of an abundance of caution, LeMahieu also moves to amend to streamline his complaint so that Silver's motion to stay is rendered moot.

Indeed, while flooding the Court with frivolous filings, Silver has made absurdly low-ball settlement offers. He evidently believes that if he stays this action indefinitely or runs up LeMahieu's costs enough, he can escape the consequences of his misconduct for pennies and an "I'm sorry". *See, Harlow v. Midland Credit Mgmt., Inc.*, No. CV 07-5045ABCSHX, 2007 WL 3165669, at *1 (C.D. Cal. Sept. 5, 2007) ("Defendant then low-balled Plaintiff with a settlement offer far below the small claims judgment, in the apparent hope that Plaintiff, a pro se litigant, would go away. Plaintiff did not.") An indefinite stay, with a matter that causes him grave emotional distress, may result in that very species of injustice. Certainly, it would cause LeMahieu considerable hardship to not have a timely opportunity to clear his name and to address and move past the emotional distress this incident has caused him. He seeks to amend to avoid that outcome, regardless of how remote a stay may be.

### B. Amendment Will Not Cause Delay

LeMahieu seeks to simplify this action by removing claims and factual allegations, not adding new ones. The FAC does not contain any new allegations, factual or legal, which would give rise to additional discovery or motion practice. There is no reason amendment will cause delay.

### C. Amendment Will Not Prejudice Silver

Granting leave to amend has no likelihood of prejudicing Silver because it will substantially reduce the factual allegations against him and narrow the claims at bar. Silver will not be prejudiced and can only benefit from amendment.

### D. Amendment Is Not Futile

Amendment may be denied as futile only if the proposed amended complaint would be subject to dismissal under the Rule 12(b)(6) standard for failure to state a claim upon which relief can be granted. *Novak v. United States*, 795 F.3d 1012, 1020

(9th Cir. 2015). Specifically, to survive a motion to dismiss, claims must have "facial plausibility," meaning they contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court, in reviewing a Rule 12(b)(6) challenge to a claim, presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the plaintiff's favor, and views the pleading in the light most favorable to the plaintiff. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009).

LeMahieu's original complaint was well-pled. His proposed First Amended Complaint simply removes three defamatory statements from being at issue and predicates his claims on one defamatory statement, whereas before they were premised on four. Judge Wilson already held that these claims survived a 12(b)(6) challenge. Accordingly, amendment is not futile and should be granted.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Colin LeMahieu respectfully requests that the Court grant the Motion and permit him to file the First Amended Complaint attached hereto.

DATED: December 18, 2019          RYAN M. LAPINE, ESQ.
                                  ROSENFELD, MEYER & SUSMAN LLP

                                  By:   */s/ Ryan M. Lapine*
                                        Ryan M. Lapine
                                        Attorneys for Plaintiff, COLIN LEMAHIEU

## CERTIFICATE OF SERVICE

I certify that a copy of the above and forgoing was served on December 18, 2019 by means of the Court's ECF service to BRIDGET B. HIRSCH, ESQ., ANDERSON CALIFORNIA KILL L.L.P., 355 South Grand Avenue, Los Angeles, CA 90071; STEPHEN D. PALLEY, ESQ., ANDERSON KILL L.L.P., 1717 Pennsylvania Ave., NW, Suite 200, Washington, DC 20006; Email: bhirsch@andersonkill.com; spalley@andersonkill.com.

By: _____/s/ Ryan M. Lapine_____

944284v1