# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4237 MRW | | Date | December 19, 2019 |
|---|---|---|---|---|
| Title | Nano Foundation v. Silver | | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:**     ORDER RE: MOTIONS TO AMEND AND DISMISS COMPLAINT

1.      The Court received and reviewed Plaintiff's motions to dismiss the original complaint and to pursue an amended complaint on Mr. LeMahieu's behalf only.  (Docket # 69, 70.)  Of concern to the Court is that it does not appear that the talented attorneys in this matter participated in a pre-filing conference as expressly required under Local Rule 7-3.  (Docket # 70 at 2-3.)

2.      Local Rule 7-3 serves an important purpose.  A brief, candid discussion among the lawyers about whether it's necessary to troop down to court to resolve an issue (particularly the dismissal of a party and several of the key claims in the case) can avoid a significant amount of waste – in time, money, and legal work – for counsel, their clients, and the Court.  That's why the Court "may decline to consider a motion" that a litigant files without making the pre-filing effort to reach out to the other side.  The flip side: a lawyer who violates Local Rule 7-3 faces potentially significant personal and professional repercussions.  L.R. 83-7 (monetary sanctions, fee shift, and "such other sanctions as the Court may deem appropriate" for violation of any local rule).

3.      The Court recognizes that the defense has an outstanding request to stay the action in its entirety.  It's not lost on me that (a) Mr. Silver might actually agree to the downsizing of the case and, (b) if he consents to the modification of the complaint, might need – or even be entitled to – a stay.

4.      My typical procedure is to order a potentially offending party to explain in writing her or his apparent violation of Local Rule 7-3.  In the present case, though, the unique posture of the action and the honorable attempt to minimize the disputed allegations seem to warrant a softer approach.  (Oh, also, I kind of like the lawyers so far.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4237 MRW | Date | December 19, 2019 |
|----------|----------------|------|-------------------|
| Title | Nano Foundation v. Silver | | |

     5.     So, the Court directs Mr. Lapine to promptly pick up the phone and call Mr. Palley or Ms. Hirsch and see whether the dismissal / amendment motions are necessary.  If not, take a look at Federal Rule of Civil Procedure 15(a)(2) and send me an appropriate stipulation.  Please get this done by January 6 to avoid going down the rabbit hole of motion practice on this issue.[1]

     6.     And if there is no opposition to the amended complaint, the defense is strongly encouraged to reevaluate the propriety of the stay motion.  Chess pieces are moving all over this board, aren't they?

---

[1]     It might be the circumstance that the parties actually did meet and confer on the motion, but it ain't specified in the notice of motion as expressly required by the rule.  If so, Mr. Lapine can submit an affidavit attesting to his compliance with the meeting portion of the rule and any lack of compliance with the tell-the-judge-about-it portion.