Bridget B. Hirsch, Esq. (State Bar No. 257015)
E-Mail: bhirsch@andersonkill.com
**ANDERSON KILL CALIFORNIA L.L.P.**
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 943-1444

Stephen D. Palley, Esq. (*pro hac vice*)
*spalley@andersonkill.com*
**ANDERSON KILL L.L.P.**
1717 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
Telephone: (202) 416-6500
Facsimile: (202) 416-6555

*Attorneys for Defendant David C. Silver*

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANO FOUNDATION, LTD., a New York non-profit corporation; and COLIN LEMAHIEU, an individual

Plaintiffs

vs.

DAVID C. SILVER, an individual,

Defendant.

Case No.: 2:19-CV-04237-SVW-PJW

Assigned to Hon. Michael R. Wilner

**ANSWER TO FIRST AMENDED COMPLAINT**

Complaint Filed: May 15, 2019
First Amended Complaint Filed: December 18, 2019

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Defendant DAVID C. SILVER, an individual, hereby answers the First Amended Complaint as set forth below:

1. Defendant admits that the allegations in the Complaint involve a speech he made on May 24, 2018 at the Blockchain Law Summit in Los Angeles, California. The remainder of the allegations in paragraph 1 are denied.

2. Defendant admits that he stated "there is a ton of fraud in the space right now"[1]. Defendant also admits that he misspoke about Plaintiff's divorce. All other allegations in paragraph 2 are denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant admits paragraph 5.

6. Defendant denies paragraph 6. Plaintiff suffered no quantifiable money damages, much less damages in excess of $75,000.

7. Defendant denies paragraph 7.

8. Defendant denies paragraph 8.

9. Defendant denies paragraph 9.

10. Defendant admits The Blockchain Law Summit 2018 ("the Blockchain Summit") took place on May 24, 2018 and involved a day of presentations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

---

[1] There is.

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

14. Defendant admits the first, second and fourth sentence of paragraph 14 but lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits the statements he made contained in paragraph 17 beginning with "Uhhh, he got divorced from his wife last year" through the end of the paragraph were not accurate. He was thinking of a different project and misspoke. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 17.

18. Defendant denies paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.

23. Defendant admits the first sentence of paragraph 23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of paragraph 23.

///

///

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

24. Defendant admits that the Mr. LeMahieu did not identify Nano as a security in his divorce flings. Defendant denies the second sentence of paragraph 24.

25. Defendant denies paragraph 25.

26. Defendant denies paragraph 26.

**FIRST CLAIM**

**Defamation Per Se - By Plaintiff Colin LeMahieu**

27. Defendant incorporates by reference his answers to paragraphs 1 – 26 of the Complaint as if fully stated herein.

28. Defendant denies the first sentence of paragraph 28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28.

29. Defendant admits paragraph 29.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant denies paragraph 32.

33. Defendant denies paragraph 33.

34. Defendant denies paragraph 34.

**SECOND CLAIM**

**Defamation Per Quod - By Plaintiff Colin LeMahieu**

35. Defendant incorporates by reference his answers to paragraphs 1 – 34 of the Complaint as if fully stated herein.

36. Defendant denies the first sentence of paragraph 36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36.

37. Defendant admits paragraph 37.

38. Defendant denies paragraph 38.

39. Defendant denies paragraph 39.

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

40. Defendant denies paragraph 40.

41. Defendant denies paragraph 41.

42. Defendant denies paragraph 42.

43. Defendant denies paragraph 43.

**THIRD CLAIM**

**Intentional Interference with Prospective Economic Advantage**

44. Defendant incorporates by reference his answers to paragraphs 1 – 44 of the Complaint as if fully stated herein.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 45.

46. Defendant denies paragraph 46.

47. Defendant denies paragraph 47.

48. Defendant denies paragraph 48.

49. Defendant denies paragraph 49.

50. Defendant denies paragraph 50.

**AFFIRMATIVE DEFENSES**

Defendant has not knowingly or intentionally waived any applicable defenses. Defendant expressly reserves the right to plead additional affirmative defenses and other defenses should such defenses be revealed by discovery in this case. Defendant asserts the following defenses without assuming the burden of proof as to any issue that would otherwise rest with Plaintiff.

1. Counts I, II and III of the Complaint each fail to state a claim upon which relief can be granted, including because the statements-at-issue are nonactionable opinion and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

2. Plaintiff cannot recover for defamation because all or parts of the statements-at-issue were true or substantially true.

3. Plaintiff cannot prove that Defendant made the statements-at-issue with Knowledge that they were false or with reckless disregard of whether they were false or not.

4. Plaintiff has suffered no money damages. Plaintiff cannot prove any damages proximately caused by the statements-at-issue, including to his reputation.

5. Defendant's statements are protected by the First Amended of the United States Constitution.

6. Plaintiff's claims are barred by Cal. Civil Code § 47(b)'s litigation privilege.

7. Plaintiff's claims are barred because Plaintiff has not suffered any "special damages" as that term is defined in Cal. Civ. Code § 48a(d)(2) and differentiated from "general damages" which are defined in Cal. Civ. Code § 48a(d)(1).

8. Plaintiff's claims are barred because he is a "public figure" and Attorney Silver did not make his May 24, 2018 comments at the Blockchain Law Summit in Los Angeles, California with actual malice.

9. Plaintiff's claims are barred by the doctrine of unclean hands, as any damages Plaintiff sustained relate to his own business failings detailed in the pending Class Action, *Fabian v. Colin LeMahieu, et al.*, U.S. District Court – N.D. Cal. – Case No.: 4-19-cv-00054-YRG.

10. Plaintiff's claims are barred in part or in whole because Plaintiff never requested the Defendant retract and/or apologize for the statements-at-issue.

///

///

11. Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate or reasonably attempt to mitigate its alleged damages, if any, as required by law.

12. Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the United States or the State of California or any other applicable law.

WHEREFORE, Defendant, DAVID C. SILVER, an individual, respectfully requests this Honorable Court enter a judgment in his favor, with costs, attorneys' fees, and such other relief as the Court deems just and proper awarded to Defendant, on the claims asserted in Plaintiffs Amended Complaint.

Dated: February 4, 2020

Respectfully Submitted,

By: /s/ Bridget B. Hirsch
Bridget B. Hirsch, Esq. (SBN 257015)
E-Mail: bhirsch@andersonkill.com
**ANDERSON KILL CALIFORNIA L.L.P.**
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 943-1444

Stephen D. Palley, Esq. (*pro hac vice*)
*spalley@andersonkill.com*
**ANDERSON KILL L.L.P.**
1717 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006
Telephone: (202) 416-6500
Facsimile: (202) 416-6555

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Certificate of Service

I certify that a copy of the above and forgoing was served on February 4, 2020 by operation of this Court ECF Filing system on counsel of record.

By: /s/ Stephen D. Palley